UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
Houston Division

| | |
|---|---|
| Odelia Abecassis, Margarita Abramov, Yuri Abramov, Mazal Alevi, Pnina Alterovich, Anat Amar, Binyamin Amar, Chagai Amar, David Michel Amar, Eliad Amar, Gafnit Amar, Negba Amar, Noam Amar, Shay Amar, Shir Amar, Tzachi Amar, Tzuria Amosi, Maimon Amsalem, Efraim Aroas, Izak Aroas, Yaffa Aroas, Rachel Assraf, Avigail Avdaev, Ben Tzion Avdaev, Ovadia Avdaev, Oshra Avitzur, Getaun Azanu, Habasta Azanu, Solange Azran, Maxim Azulai, Perach Baruch, Guy Baruch, Amram Ben Ezra, Estate of Haim Ben Ezra, Lea Ben Ezra, Mordechai Ben Ezra, Sol Ben Ezra, Yehiel Bornstein, Doron Borocov, Kochava Borocov, Mordechai Borocov, Estate of Nir Borocov, Yochevet Borochov, Hila Chen, Zila Cohen, Hani Drimmer, Paul Drimmer, Pnina Drimmer, Rachel Drimmer, Mordechai Elezra, Omer Elezra, Yael Elezra, Estate of Yossi Elezra, Omer Eliav, David Elisha-Sherf, Ben Israel Fahima, Ester Fahima, Gabi Fahima, Kokhava Fahima, Lidor Fahima, Mazal Fahima, Estate of Meir Fahima, Natali Fahima, Ortal Fahima, Shalom Fahima, Maayan Furman, Orit Furman, Michal Ganon, Ortal Ganon, Robert Ganon, Viviane Asraf Ganon, Shula Gaon, Dimitry Gantovnik, Fairna Gantovnik, Bosmat Glam, David Glam, Rachel Glam, Tzvi Yehuda Goldenberg, Roy Gordon, Dikla Hadad, Boris Hanik, Lior Hanik, Estate of Zeev Hanik, Carmela Hason, Rahmim Hason, Sharon Gili Hefetz, Brakha Hershkovitz, Dor Hershkovitz, Sapir Hershkovitz, Shimon Hershkovitz, Zehava Hershkovitz, Adi Hoja, Miriam Izhaki, Heski Kalfa, Naomi Kalfa, Joseph Kleinman, Phnina Kleinman, Ricky Kleinman, Elisheva Lanzkron, Hava Lanzkron, Meir Lanzkron, Estate of Naftali Lanzkron, Netanel Lanzkron, Oria Lanzkron, Yedidia Lanzkron, Yehuda Lanzkron, Yekhiel Lanzkron, Brenda Levenson, Stephen Levenson, Tamar Levenson, Aviva Levi, Hila Levi, Shimon Levi, Carmela Litmanovic, Ariel Mahfud, Meital Maymony, Dana Mizrachi, Lia Lihi Mizrachi, Shimon Mordechai, Assaf Myara, Lisa Myara, Baruch Naim, Daniel Navon, Malka Nisim, Tamar Oziel, Galine Peline, Katerina Peline, Victor Peline, Lilian Peretz, Alexander Plotkin, Iris Rabi, Moria Rabi, Moshe Rabi, Kinnert Rahamin, Gidon Regev, Estate of Menashe Regev, Anat Ris, Sabine Ris, Estate of Shoshona Ris, Tuvia Ris, Tzvia Ris, Joseph Rokach, Moran Rokach, Liat Rokach, Yaffa Rokach, | C.A. No. 4:09-cv-03884 |

1

Estate of Eliran Rozenberg, Shoshana Rotenberg, Mark )
Rudin, Simona Rudin, Eli Sarusi, Christina Segal, Diane )
Segal, Ina Segal, Hana Segal, Sharon Segal, Merav )
Shamir, Ezra Sharabi, Iris Shfaim, Shmuel Shfaim, )
Naomi Shfaym, Yaakov Shfaym, Naima Shimon, )
Shoshana Simon, Refael Sommer, Rachel Sommer, )
Israel Sommer, Olesya Sorokin, Alexander Sorokin, )
Estate of Vladislav Sorokin, Ester Ifat Sultan, Anderi )
Tailakov, Irina Tal, Hannanel Touito, Ester Touito, )
Haron Touito, Amira Turgeman, Avi Turgeman, Edna )
Turgeman, Estate of Golan Turgeman, Moshe Turgeman, )
Orly Turgeman Goldshmit, Ilana Vaknin, Dorit Yadid, )
Michael Ysaia, Sinai Zaken, Michal Zayat Rozenberg, )
Hila Zayat, Shiran Zayat, Noam Zayat, Noga Zayat, Zeev )
Zayat, Yunis Zeid, Avi Zino, Viki Zino. )
                                                                                   )
    Plaintiffs,                                        )
                                                                                   )
    v.                                                        )
                                                                                   )
Oscar S. Wyatt Jr., Nucoastal Corporation, )
NuCoastal Trading Co., S.A., El Paso Energy )
Corporation, Bayoil (USA) Inc., David B. Chalmers )
Jr., Bayoil Supply & Trading Limited. )
                                                                                   )
    Defendants.                                       )

## PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 54(b)

The above-named Plaintiffs, hereby move the Court to enter final judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, of its March 31, 2010 Memorandum and Order (the "Order") granting Defendants' Motion to Dismiss claims brought under the Alien Tort Statute.[1] Entry of a final judgment pursuant to Rule 54(b) and 28 U.S.C. § 1291, is appropriate as there is no just reason for delay in the entry of final judgment on the issues that

---

[1] The Plaintiffs who join in this Motion are not United States nationals, and therefore, did not bring claims arising under the Anti-Terrorism Act.

2

are fully resolved by this Order and the dismissal is on grounds entirely separate from all other issues that remain pending in this matter. [2]

## I.     Relevant Procedural History

On January 2, 2009, Plaintiffs filed suit in the District Court for the District of Columbia as a result of injuries arising out of 21 terrorist attacks in Israel during the Second Intifada. [Docket No. 118; Memorandum and Order at 11]. Plaintiffs allege that Defendants paid illegal kickbacks to Saddam Hussein and his government from which payments were made to the families of the suicide bombers who carried out the attacks. [Docket No. 3; Complaint].

The above-named Plaintiffs are not American citizens or nationals, and invoked this Court's jurisdiction pursuant to the Alien Tort Statute, 28 U.S.C. § 1350, which allows aliens to bring claims in a district court for torts committed "in violation of the law of nations or a treaty of the United States." Plaintiffs' allege that Defendants violated the law of nations as well as committed violations of the Torture Victims Protection Act, Pub. L. 102-256, Mar. 12, 1992, 106 Stat. 73 reprinted as a note to 28 U.S.C. § 1350. Twenty additional Plaintiffs brought claims under the Antiterrorism Act of 2001, 18 U.S.C. § 2333, for providing material support to terrorist organizations and engaging in illegal business dealings with Iraq.[3] Each of these Plaintiffs were United States nationals or citizens injured by the attacks (or their estates, survivors or heirs).

On November 19, 2009, the District Court for the District of Columbia granted Defendants' motion to transfer venue and transferred this case to the Southern District of Texas.

---

[2] In filing this Motion and requesting a final judgment, Plaintiffs in no way agree that the order dated March 31, 2010 dismissing Plaintiffs' ATS claims is valid. To the contrary, Plaintiffs actually file this Motion to contest the propriety of the Order. Plaintiffs simply seek to have the decision rendered final so that it may be appealed and contested. Plaintiffs are in no way waiving any rights to contest the Order by filing this Motion.

[3] This Court allowed the 20 Plaintiffs who were American citizens or nationals to amend their complaint and replead their claims under the Antiterrorism Act. These Plaintiffs filed an Amended Complaint on April 23, 2010. [Docket No. 121]. As these Plaintiffs still have an existing claim against each of the Defendants they will not join in the Appeal of this Court's March 31, 2010 Order.

[Docket No. 59]. This Court held a hearing on January 21, 2010, during which the parties presented arguments on the pending motions to dismiss.

On March 31, 2010, this Court entered a Memorandum and Order dismissing each of Plaintiffs claims under the ATS for failure to state a claim and lacking Article III standing. [Docket No. 118]. This Court allowed Plaintiffs until April 23, 2010 to amend their complaint to replead the ATA claims. Id. On April 23, 2010, those plaintiffs who are American nationals or citizens filed an Amended Complaint repleading their ATA claims. [Docket No. 121].

## ARGUMENT

The Courts of Appeal are authorized to hear appeals from all final decisions of the district courts. 28 U.S.C. § 1291. Federal Rule of Civil Procedure 54(b) empowers a district court, "when more than one claim for relief is presented in an action," to "direct the entry of final judgment as to one or more claims or parties only upon an express determination that there is no just reason for delay and upon and express direction for the entry of a judgment." Fed. R. Civ. R. 54(b).

The essential predicate for a Rule 54(b) partial judgment is the district court's resolution of "a distinct claim for relief" against one or more parties. *Eldredge v. Martin Marietta Corp.*, 207 F. 3d 737, 740-41 (5th Cir. 2000). The court must find that the judgment is final as "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Halliburton Energy Servs., Inc. v. NL Indus.*, 2008 WL 2697345, *3 (S.D. Tex. July 2, 2008); *Guzman v. Memorial Hermann Hospital System*, 2009 U.S. Dist. LEXIS 105707 * 20 (S.D. Tex. Nov. 12, 2009) (a court may direct entry of final judgment under Rule 54(b) if more than one claim for relief is presented or multiple parties are involved in an action).

Rule 54(b) also requires a determination that there is no just reason for delay in entering a final judgment. According to the Fifth Circuit, no just reason for delay can be found "when there

4

exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *PYCA Indus., Inc. v. Harrison County Waste Water Mgm't Dist.*, 81 F. 3d 1412, 1421 (5th Cir. 1996); *Guzman*, 2009 U.S. Dist. LEXIS 105707 *20.

Rule 54(b) "reflects a balancing of two policies; avoiding the 'danger of hardship or injustice through delay which would be alleviated by immediate appeal' and 'avoiding piecemeal appeals.' *Alpert v. Riley*, 2008 WL 304742, *9 (S.D. Tex. Jan. 31, 2008); *quoting Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000). This Court has identified a list of factors to be considered in making this determination:

- "the relationship between the adjudicated and unadjudicated claims;
- "the possibility that the need for review might or might not be mooted by future developments in the district court";
- "the possibility that the reviewing court might be obliged to consider the same issue a second time";
- "the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final"; and
- "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."

*Alpert v. Riley*, 2008 WL 304742, *9 (S.D. Tex. Jan. 31, 2008).

### A.   The Order is an Ultimate Disposition of Claims Brought Under the ATS.

While the Court's Order does not adjudicate all claims or rights of ***all*** parties, it does finally and fully resolve all issues with respect to standing and jurisdiction under the ATS. As such, all of the above-named plaintiffs' claims were dismissed, with prejudice, and none of the Plaintiffs have any further involvement in the lawsuit before this Court. As such, the Order is,

5

indisputably, the equivalent of a final judgment on defendants' behalf with regard to all ATS claims.

### B. There is No Just Reason to Delay Entering Final Judgment as to the Court's Dismissal of the ATS Claims.

There is no just reason for the Court to delay certification of the Order and deny Plaintiffs the opportunity for appellate review. This Court denied any and all claims arising under the ATS finding that Plaintiffs allegations were too attenuated to confer Article III standing and did not establish the requisite *mens rea* "to support a plausible inference that any defendant acted with the purpose of assisting terrorist attacks." [Docket No. 118 at 52].

There is simply no relationship between the dismissed claims and the remaining claims under the ATA. As the Court noted, the ATS does not create a statutory cause of action but grants jurisdiction for district courts to hear suits for violations of substantive international law. Id. at 43. The ATA, on the other hand, specifically provides a statutory cause of action to "any national of the United States injured in his or her person, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs." 18 U.S.C. 2333(a). As evidenced by the Order of this Court any decision as to the standard of causation and requisite *mens rea* under the ATS has no bearing on the analysis under the ATA.

This Court disposed of any and all claims brought under the ATS. Any future developments, including subsequent court orders, will be dealing solely with a factual and legal analysis under the ATA. As the ATS claims were dismissed, with prejudice, this Court will not be asked to review the ATS issues again, nor is there any possibility that the March 31, 2010 Order will be mooted by a subsequent order.

The question of whether the non-ATA Plaintiffs should be allowed to proceed in their action against Defendants for their participation in the Oil for Food Program should be settled and determined at the earliest point in this litigation. Further, Plaintiffs should not be required to

await a final disposition of the non-ATS claims before being allowed to seek their right to appeal. Although there are some "facts" that are relevant to both the ATA and ATS, the appeal of the Court's Order will largely depend on the appropriate standard to be applied to violations of international law under the ATS.  It would be inequitable to require the above-named Plaintiffs to wait years of discovery and trial, on an unrelated cause of action, before determining whether a cause of action exists under the ATS.

## CONCLUSION

Based on the foregoing, the above-named Plaintiffs respectfully requests the Court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to direct the entry of final judgment as to its March 31, 2010 Order dismissing Plaintiffs ATS claims.

Respectfully submitted,

*/s/ Raul Suazo*
Raul Suazo
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 632-1700

Michael J. Miller
THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, VA 22960
Tel: (540) 672-4224

Gavriel Mairone, Esq.
Bar Number 6181698
Mann & Mairone
Rehov Ha-Mered, 25, Suite 3000
POB 50236
Tel Aviv 61501, Israel
Tel: 972.3.51.700.88

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) has been electronically filed with the Clerk of Court of the United States District Court for the Southern District of Texas by using the CM/ECF system, which will send a Notice of Electronic Filing to the following counsel of record:

**Carl A Parker**
Parker Law Firm
1 Plaza Sq
Port Arthur, TX 77642
409-985-8814
Fax: 409-985-2833

**Don Chapple Nelson**
3355 West Alabama, Suite 1020
Houston, TX 77098
Tel: 713-877-7171
Fax: 713-877-7198

**William R Pakalka**
**Anne M. Rodgers**
**Layne Edwin Kruse**
Fulbright & Jaworski LLP
1301 McKinney St. Suite 5100
Houston, TX 77010
Tel: 713-651-5151
Fax: 713-651-5246

**David S Toy**
**Francis I. Spagnoletti**
Spagnoletti and Company
401 Louisiana, 8th Floor
Houston, TX 77002
Tel: 713-653-5600
Fax: 713-653-5656

*/s/ Raul Suazo*
Raul Suazo
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002

8