IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ODELIA ABECASSIS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-09-3884 |
| | § | |
| OSCAR S. WYATT, JR., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This case involves allegations that individuals and energy companies that traded and purchased oil of Iraqi origin helped pay kickbacks to Saddam Hussein in violation of the United Nations' Oil for Food Program ("OFP"). The plaintiffs allege that the defendants' financial involvement with Hussein makes them liable for aiding and abetting terrorist attacks in Israel, for which Hussein provided financial incentives and other support. The nearly 200 plaintiffs brought claims under the Torture Victims Protection Act ("TVPA").[1] Most of the plaintiffs are aliens who assert that this court has subject-matter jurisdiction under the Alien Tort Statute ("ATS").[2] The plaintiffs who are United States nationals and their estates, survivors, and heirs allege that the defendants violated the Antiterrorism Act ("ATA").[3] On March 31, 2010, this court granted the defendants' motions to dismiss for lack of standing except with respect to the ATA claims and granted all the motions to dismiss for failure to state a claim. (Docket Entry No. 118). The plaintiffs

---

[1] Pub.L. 102-256, Mar. 12, 1992, 106 Stat. 73, *reprinted as a note to* 28 U.S.C. § 1350.

[2] 28 U.S.C. § 1350. The ATS is sometimes referred to as the Alien Tort Claims Act ("ATCA").

[3] 18 U.S.C. § 2333.

were given leave to amend their complaint to replead the ATA claim only.  They have since done so. (Docket Entry No. 121).  Renewed motions to dismiss are now pending.

Seeking to appeal part of this court's decision on the motions to dismiss immediately, the alien plaintiffs seek a final judgment on the ATS claims.  (Docket Entry No. 125).  El Paso has filed a full response, (Docket Entry No. 131), for which the other defendants have expressed support, (Docket Entry Nos. 129, 132, 135, 136).  Based on the motion and responses, the record, and the applicable law, this court denies the motion for entry of final judgment.  The reasons are explained below.

**I.     The Rule 54(b) Standard**

Rule 54(b) of the Federal Rules of Civil Procedure provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b).

Rule 54(b) permits appeal from certain district court orders before the resolution of every issue in a case.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 9 (1980); *see also Guzman v. Memorial Hermann Southwest Hosp.*, No. H-07-3973, 2009 WL 387042, at *7 (S.D. Tex. Nov. 12, 2009); *Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 128980, *1 (E.D. La. March 19, 1998) (citations omitted), *aff'd on other grounds*, 182 F.3d 353 (5th Cir. 1999).  A court may grant a Rule 54(b) judgment only if more than one claim for relief is presented or multiple parties are involved in an action.  *Samaad v. City of Dallas*, 940 F.2d 925, 929 (5th Cir. 1991).

Before granting a Rule 54(b) motion, a district court must make two independent findings. *Waldorf v. Shuta*, 142 F.3d 601, 608 (3d Cir. 1998). First, the court must find that the judgment is final as "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp.*, 446 U.S. at 7. Second, the court must find that there is no just reason for delay in entering the final judgment. *Id.* at 8. This second inquiry requires the court to "take into account judicial administrative interests as well as the equities involved." *Id.*

Rule 54(b) "reflects a balancing of two policies: avoiding the 'danger of hardship or injustice through delay which would be alleviated by immediate appeal' and 'avoid[ing] piecemeal appeals.'" *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting *PYCA Indus. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir.1996)). A court should consider such factors as: "(1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003) (citations and internal quotation marks omitted); *accord U.S. General, Inc. v. Albert*, 792 F.2d 678, 681 n.3 (7th Cir. 1986); *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975).

In evaluating a district court's decision to grant certification under Rule 54(b), the Supreme Court has noted:

> The mere presence of such [nonfrivolous counter]claims, however, does not render a Rule 54(b) certification inappropriate. If it did,

3

> Rule 54(b) would lose much of its utility. In *Cold Metal Process Co. v. United Engineering & Foundry Co.*, 351 U.S. 445, 76 S. Ct. 904, 100 L. Ed. 1311 (1956), this Court explained that counterclaims, whether compulsory or permissive, present no special problems for Rule 54(b) determinations; counterclaims are not to be evaluated differently from other claims. Like other claims, their significance for Rule 54(b) purposes turns on their interrelationship with the claims on which certification is sought.

*Curtiss-Wright Corp.*, 446 U.S. at 9 (internal citation omitted).

**II.     Analysis**

The plaintiffs argue that the March 31, 2010 Memorandum and Order was a final adjudication of the alien plaintiffs' rights because it resolved "all issues with respect to standing and jurisdiction under the ATS," depriving the alien plaintiffs of "any further involvement in the lawsuit before this Court." (Docket Entry No. 125 at 5). El Paso argues that this does not support a final judgment because the alien plaintiffs sought the same relief for their claims based on ATS jurisdiction and for their claims under the TVPA—as to which the alien plaintiffs do not seek a final judgment—and because all the claims arose out of the same facts. (Docket Entry No. 131 at 6-8).

Because the alien plaintiffs seek final judgment on their ATS claims but not on their TVPA claims, a Rule 54(b) judgment is not appropriate. The alien plaintiffs have not abandoned their TVPA claims. The reference to the TVPA in their notice of appeal indicates that they will pursue those claims, including, if appropriate, on appeal. (Docket Entry No. 123 at 4). "When a complaint alleges mere variations in legal theory which are pleaded in the alternative or give rise to a single liability, true multiplicity is not present and Rule 54(b) cannot be employed to appeal a lower court judgment on one of the claims." *H&W Industries, Inc. v. Formosa Plastics Corp.*, 860 F.2d 172, 175-76 (5th Cir. 1988). The relief sought on each claim is the same. Both claims are based on the same terrorist attacks and alleged conduct by the defendants. The first finding required to support

4

a Rule 54(b) judgment, that there was an ultimate disposition on an individual claim, is not supported by the record.

Nor does the record permit this court to make the second finding, that "there is no just reason for delay in entering the final judgment." *Curtiss-Wright Corp.*, 446 U.S. at 8. The first factor to consider is the relationship between the ATS claims and the other claims. This weighs strongly in favor of denying the Rule 54(b) motion. The same set of facts underpins all the claims, including the ATA claims that remain pending before this court. Both United States nationals and aliens were victims of the same terrorist attacks. More importantly, the key issues in this case, as the March 31 opinion demonstrates, relate to scienter. Although the scienter requirement may vary from claim to claim, the facts relevant to each defendant's mental state do not.

The second factor—whether future developments in this court may moot the appeal—favors entry of the Rule 54(b) judgment.

The third factor is whether the Fifth Circuit will be required to consider the issues presented by the initial appeal a second time on a subsequent appeal. Again, both the present proposed appeal and an appeal of the final judgment would require the Fifth Circuit to consider many of the same issues, including scienter. The appellate court will have to decide what type of scienter was supported by the record. "It is uneconomical for an appellate court to review facts on appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties." 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2659 (3d ed.1998).

The fourth factor, the presence or absence of a claim or counterclaim that could result in set-off against the judgment sought to be made final, does not present a concern. The final factor, "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like," *Akers*, 338 F.3d at 495, weighs in favor of denying the Rule 54(b) motion. Because the motions to dismiss the amended complaint are already pending, a Rule 54(b) judgment would be premature. If those motions to dismiss are granted, the plaintiffs will have a complete, appealable final judgment. It is much more efficient for the appellate court to consider the entire case together because the facts and issues are so similar. Doing so would avoid the "piecemeal appeals" disfavored by the Fifth Circuit. *See Eldredge*, 207 F.3d at 740. The plaintiffs will not be unfairly prejudiced by waiting. They waited for an extended period before pursuing this case and have decided not to pursue a Rule 54(b) judgment on their TVPA claims.

The balance of the factors clearly weighs against entering a Rule 54(b) judgment.

### III.  Conclusion

The motion for entry of a Rule 54(b) judgment is denied.

SIGNED on June 30, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge