It must be noted, however, that although this restrictive attitude toward ancillary claims can be justified in most cases, there will be instances in which retention of the nonfederal claim would be appropriate. For example, the delay necessary to reinstitute the dismissed claim in a state court may have a substantial adverse effect on the third-party plaintiff—the applicable statute of limitations may run before the complaint in the state action can be served upon the third-party defendant [69] or irreparable harm may result from the dissolution of a preliminary injunction following the dismissal or settlement of the main claim. Furthermore, if there has been a substantial commitment of the court's or litigant's resources prior to the termination of the main claim, dismissal of the Rule 14 claim will run counter to the rationale justifying ancillary jurisdiction and third-party practice. But absent these factors there is no persuasive judicial economy argument in favor of retaining the third-party claim and it should be remitted to the state courts whenever the main claim is disposed of before trial. Of course, if the principal claim has been dismissed because of a lack of subject-matter jurisdiction, the third-party claim always must be dismissed unless it can be supported by independent jurisdictional grounds.[70]

## § 1445. Personal Jurisdiction and Venue Over Third–Party Claims

The cases unanimously hold that a federal court must obtain personal jurisdiction over a third-party defendant before it proceeds to adjudicate a third-party claim.[1] If jurisdiction cannot be

---

**69. Third-party claim retained**

Bowen v. Evanuk, D.C.R.I.1976, 423 F.Supp. 1341, 1345, **citing Wright & Miller.**

**70. Principal claim dismissed**

Rare Earth, Inc. v. Hoorelbeke, D.C.N.Y.1975, 401 F.Supp. 26, 35, **citing Wright & Miller.**

Ferreira v. Sawayama–Kisen KK, D.C.N.Y.1959, 171 F.Supp. 96.

Note, Ancillary Jurisdiction—Rule 14—Disposition of Third Party Claim When the Primary Claim Has Been Dismissed, 1971, 23 S.C.L.Rev. 261.

But compare

Corporacion Venezolana de Fomento v. Vintero Sales Corp., D.C.N.Y.1979, 477 F.Supp. 615, 621, **citing Wright & Miller** (independent jurisdiction exists).

**1. Personal jurisdiction necessary**

Coleman v. American Export Isbrandtsen Lines, Inc., C.A.2d, 1968, 405 F.2d 250.

Agrashell, Inc. v. Bernard Sirotta Co., C.A.2d, 1965, 344 F.2d 583.

Nortown Steel Supply Co. v. Northern Indiana Steel Supply Co., C.A.7th, 1963, 315 F.2d 789.

Lone Star Package Car Co. v. Baltimore & Ohio R. Co., C.A.5th, 1954, 212 F.2d 147.

Colon v. Gulf Trading Co., D.C.Puerto Rico 1985, 609 F.Supp. 1469, 1473 n. 4, **citing Wright & Miller.**

Pecarsky v. Marina Associates, D.C.N.J. 1985, 107 F.R.D. 107, 108, **citing Wright & Miller.**

When the magistrate implicitly determined that the third-party plaintiff had established at least a prima facie case of personal jurisdiction, the magistrate did not err by failing to find specifically that the third-party plaintiff had the burden of establishing jurisdiction over the person of the third-party defendant. Eastman Chem. Int'l, Ltd. v. Virginia Nat. Bank, D.C.Tenn.1981, 94 F.R.D. 21.

Doebler v. Stadium Productions Ltd., D.C.Mich.1981, 91 F.R.D. 211, 214, **citing Wright & Miller.**

Hospes v. Burmite Div. of Whittaker Corp., D.C.Miss.1976, 420 F.Supp. 806, 810, **citing Wright & Miller.**

Security Nat. Bank v. Ubex Corp., D.C. N.Y.1975, 404 F.Supp. 471, 472, **quoting Wright & Miller.**

U.S. v. Crow, Pope & Land Enterprises, Inc., D.C.Ga.1972, 340 F.Supp. 25.

Lyons v. Marrud, Inc., D.C.N.Y.1968, 46 F.R.D. 451.

In Rock Transp. Properties Corp. v. Hartford Fire Ins. Co., D.C.N.Y.1968, 45 F.R.D. 373, the court held that the corporate existence of the proposed third-party defendant would not be determined on defendant's request for leave to serve a summons and third-party complaint when plaintiffs asserted merely by way of an affidavit from a third party that corporate existence had ceased.

D'Alberto v. Greyhound Lines, Inc., D.C.N.Y.1968, 45 F.R.D. 33.

Defendant bank's claim against third-party defendants for indemnity in case the bank should be found liable to plaintiff did not accrue prior to the enactment of a new Minnesota long-arm statute but would accrue in the future when liability would be established by plaintiffs against the bank and no problem of retroactive application of the long-arm statute was presented by serving the third-party defendants thereunder after its enactment. Dixon v. Northwestern Nat. Bank of Minneapolis, D.C.Minn. 1967, 275 F.Supp. 582.

Broden v. Bowles, D.C.D.C.1964, 35 F.R.D. 13.

In an action in which defendant carrier impleaded a connecting carrier to indemnify it against alleged damage done to golf clubs shipped by plaintiff, the court held that although the connecting carrier was not incorporated or doing business in Tennessee, where process was served, nevertheless under federal law the process was effective. First Flight Co. v. National Carloading Corp., D.C.Tenn.1962, 209 F.Supp. 730.

When an Illinois resident, who was a passenger in an automobile involved in a collision, brought suit in Iowa against the owner and driver of a road grader who were Iowa and Texas residents, and the road grader owner and driver filed a third-party complaint against the automobile driver, who was a resident of Missouri and was served under the provisions of the Iowa Nonresident Motorist Service Act, the court had personal jurisdiction over the automobile driver. Brandt v. Olson, D.C.Iowa 1959, 179 F.Supp. 363.

In an action under the Federal Tort Claims Act for personal injury and property damage sustained in a collision with a motor vehicle owned by the United States in which the United States impleaded the driver and his employer on the basis of indemnity provisions of a transportation contract, the fact that the accident occurred on Massachusetts highways made it proper to serve the third-party defendants by service on the registrar of motor vehicles under the applicable Massachusetts statute. Gore v. U.S., D.C.Mass.1959, 171 F.Supp. 136.

obtained, impleader will be denied as an initial matter,[2] or the third-party action will be dismissed from the case.[3] Thus, al-

In an action by an administratrix, who was a Maryland resident, for the death in Pennsylvania of a tractor operator allegedly resulting from the negligence of a Pennsylvania corporation that filed a third-party complaint against the operator's employer, a Maryland corporation, the court held that substituted service authorized by the Pennsylvania Non–Resident Motorist Statute was available to the third-party plaintiff. Berkey v. Rockwell Spring & Axle Co., D.C.Pa. 1958, 162 F.Supp. 493.

Casey v. Calmar S.S. Corp., D.C.Del. 1956, 138 F.Supp. 751 (dictum).

Pasternack v. Dalo, D.C.Pa.1955, 17 F.R.D. 420.

When a third-party defendant actually received a third-party summons and complaint and the evidence established that there was a deliberate evasion by the third-party defendant of service of process so that the marshal was forced to leave the papers on the seat of his truck, the court held that he was personally served with process and that he was under a duty to answer the third-party complaint. Roth v. W.T. Cowan, Inc., D.C.N.Y. 1951, 97 F.Supp. 675.

Weisler v. Matta, D.C.Pa.1951, 95 F.Supp. 152.

Miller v. Hano, D.C.Pa.1947, 8 F.R.D. 67.

Malkin v. Arundel Corp., D.C.Md.1941, 36 F.Supp. 948.

Sussan v. Strasser, D.C.Pa.1941, 36 F.Supp. 266.

Morrell v. United Air Lines Transp. Corp., D.C.N.Y.1939, 29 F.Supp. 757.

F. & M. Skirt Co. v. A. Wimpfheimer & Bro., Inc., D.C.Mass.1989, 27 F.Supp. 239.

#### See also

After a third-party defendant had properly been served within 100 miles from the place in which the action was commenced, plaintiff could assert any claim against the third-party defendant arising out of the transaction or occurrence which was the subject matter of plaintiff's claim against defendant, and, therefore, plaintiff's suit would not be dismissed for lack of personal jurisdiction so as to avoid a duplicative waste of time in requiring plaintiff to file a second lawsuit against the third-party defendant in another district. Jacobs v. Flight Extenders, Inc., D.C.Pa.1981, 90 F.R.D. 676.

#### But compare

Since in personam jurisdiction did not exist for purposes of the complaint, the court could not have in personam jurisdiction over the defendants for the purposes of their counterclaims or third-party complaint. Glacier Refrigeration Serv., Inc. v. American Transp., Inc., D.C.N.Y.1979, 467 F.Supp. 1104.

### 2. Impleader denied

The provision of the Housing and Rent Act of 1947, which, in certain circumstances, permits service of a summons on an original nonresident defendant, could not be expanded by construction to authorize the issuing of a summons against a third-party defendant in another state. U.S. v. Rhoades, D.C.Colo.1953, 14 F.R.D. 373.

In an action in New York by a resident of New Jersey against a Pennsylvania corporation for injuries sustained in New Jersey allegedly as a result of the negligent operation of a gas station, defendant's subtenant, residing in New Jersey, could not be impleaded because he was not subject to the personal jurisdiction of the court. Banachowski v. Atlantic Ref. Co., D.C.N.Y.1949, 84 F.Supp. 444.

### 3. Dismissal

James Talbott, Inc. v. Allahabad Bank, Ltd., C.A.5th, 1971, 444 F.2d 451, cer-

Ch. 4      PERSONAL JURISDICTION AND VENUE   § **1445**
Rule 14

though the federal courts gradually have extended the ancillary subject-matter jurisdiction concept to embrace most claims under Rule 14,[4] they have declined to employ the mechanism to eliminate the need for establishing personal jurisdiction over third-party defendants. The justification for this unwillingness is clear. The extension of subject-matter jurisdiction serves to insure that multiple disputes arising out of the same transaction or event are adjudicated efficiently and with a minimum of inconvenience to the parties; however, the use of ancillary subject-matter jurisdiction, standing alone, does not unduly burden the third-party defendant. But the elimination of the personal jurisdiction requirement in third-party actions might be extremely prejudicial to some individuals, possibly to the point of violating their rights under the due process clause of the Constitution if it had the effect of subjecting them to suit in highly inconvenient forums.

Jurisdiction and service of process are discussed at length elsewhere.[5] It is sufficient to note here that with one exception

tiorari denied 92 S.Ct. 280, 404 U.S. 940, 30 L.Ed.2d 253.

F & D, Inc. v. O'Hara & Kendall Aviation, Inc., D.C.Tex.1982, 547 F.Supp. 44.

When an airplane manufacturer, sued in federal court in Mississippi for damages sustained when an allegedly defective aircraft crashed, was a nonresident of that state, jurisdiction being obtained only through the application of the Mississippi long-arm statute, the manufacturer was not itself entitled to resort to the long-arm statute to implead another nonresident as a third-party defendant to its third-party complaint for indemnity, since the long-arm statute applied only when the tort was committed in whole or in part in Mississippi against a resident of that state. F.L. Crane Co. v. Cessna Aircraft Co., D.C. Miss.1976, 73 F.R.D. 384.

Associated Metals & Minerals Corp. v. S.S. Rialto, D.C.N.Y.1967, 280 F.Supp. 207.

Karlsen v. Hanff, D.C.N.Y.1967, 278 F.Supp. 864.

Sevits v. McKiernan–Terry Corp., D.C. N.Y.1967, 270 F.Supp. 887.

American Carpet Mills, Inc. v. Bartow Indus. Dev. Corp., D.C.Ga.1967, 42 F.R.D. 1.

In an action in which a Texas corporation maintained no office or representatives in New York but contracted with a New York corporation for the building of a seagoing tug in Texas on the basis of a contract partially negotiated in New York, the federal district court in New York held that it did not have jurisdiction over the Texas corporation, which the New York corporation sought to implead to recover indemnity on the ground of breach of warranty and negligence. Verner v. Moran Towing & Transp. Co., D.C.N.Y.1966, 258 F.Supp. 169.

Thompson v. Temple Cotton Oil Co., D.C.Ark.1942, 2 F.R.D. 373.

O'Brien v. Richtarsic, D.C.N.Y.1941, 2 F.R.D. 42.

F. & M. Skirt Co. v. A. Wimpfheimer & Bro., Inc., D.C.Mass.1939, 27 F.Supp. 239.

**4. Ancillary jurisdiction**

See § 1444.

**5. Discussion elsewhere**

See vol. 4, §§ 1064–1136.

the requirements for valid service of process and the acquisition of personal jurisdiction in a third-party action are the same as they are in any other type of litigation.[6] The exception is the special provision in Rule 4(f) that permits service on a third-party defendant anywhere within 100 miles of the courthouse whether the place of service happens to be inside the forum state or not.[7] Additionally, although it is clear that personal jurisdiction must be obtained over the third-party defendant, it has been held that the minimum contacts test may be satisfied by looking to that party's contacts with both the plaintiff and the third-party plaintiff, making it easier to meet the due process requirements in some cases.[8]

Assuming the court has subject-matter jurisdiction over defendant's claim against the third-party defendant—either independently or on an ancillary basis—and can obtain personal jurisdiction over the third-party defendant, the question of venue remains to be considered. According to existing case law, the statutory venue limitations have no application to Rule 14 claims even if they would require the third-party action to be heard in another district had it been brought as an independent action.[9] One district court has articulated the reasons for this result as follows:

**6. Requirements the same**

Lee v. Ohio Cas. Ins. Co., D.C.Del.1978, 445 F.Supp. 189.

Grieco v. Memorial Hosp. of Greene County, D.C.N.Y.1974, 385 F.Supp. 798, affirmed without opinion C.A.2d, 1975, 515 F.2d 504 (service only on attorneys for third-party defendant held insufficient).

**7. Rule 4(f)**

See vol. 4A, §§ 1127–1129.

**8. Contacts with all parties**

The court was not limited solely to contacts between the Illinois steel processor and the California corporation, which sold steel to the Iowa buyer from its Illinois plant, in determining whether the processor had sufficient contact with Iowa to be impleaded as a third-party defendant in the buyer's Iowa suit; the proper inquiry was to consider the processor's Iowa contacts in terms of the pending cause of action, i.e., its contacts with the buyer as well as the seller. Southern Iowa Mfg. Co. v. Whittaker Corp., D.C.Iowa 1975, 404 F.Supp. 630.

**9. Venue requirement inapplicable**

Agrashell, Inc. v. Bernard Sirotta Co., C.A.2d, 1965, 344 F.2d 583 (dictum).

Southern Milling Co. v. U.S., C.A.5th, 1959, 270 F.2d 80 (dictum).

In an action tried in the Western District of Oklahoma by plaintiff, a resident of the Eastern District of Oklahoma, for injuries he sustained in that district when he was struck by a mail pouch thrown from a moving train by a mail clerk who was employed by the United States, the railroad company impleaded the United States. The United States moved to dismiss the ancillary action for lack of proper venue under 28 U.S.C.A. § 1402(b), which provides that a tort claim against the United States "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or commission complained of occurred." The court held that the reasons giving the court ju-

risdiction over an ancillary proceeding also supported the conclusion that venue in the ancillary proceeding may depend or rest upon venue in the main proceeding. U.S. v. Acord, C.A. 10th, 1954, 209 F.2d 709, 717, certiorari denied 74 S.Ct. 786, 347 U.S. 975, 98 L.Ed. 1115.

In Sheppard v. Atlantic States Gas Co., C.A.3d, 1948, 167 F.2d 841, the court having ruled that it possessed ancillary jurisdiction over a third-party action in which one third-party defendant was a resident of the Eastern District of Pennsylvania where the trial was held and another was a resident of the Middle District of Pennsylvania, denied dismissal of the third-party claim as to the latter because of a lack of venue. The court did not argue that the existence of ancillary jurisdiction precluded the necessity for venue but rather referred to Section 52 of the Judicial Code of Pennsylvania, which provides that "if there are two or more defendants, residing in different districts of the State * * * [suit] may be brought in either district * * *."

Lesnik v. Public Indus. Corp., C.A.2d, 1944, 144 F.2d 968.

Carcella v. L & L Coach Lines, Inc., D.C.Md.1984, 591 F.Supp. 1272, 1278, citing Wright & Miller.

ABCKO Music, Inc. v. Beverly Glen Music, Inc.; D.C.N.Y.1983, 554 F.Supp. 410.

F & D, Inc. v. O'Hara & Kendall Aviation, Inc., D.C.Tex.1982, 547 F.Supp. 44.

Kotsonis v. Superior Motor Express, D.C.N.C.1982, 539 F.Supp. 642, 646, citing Wright & Miller.

Pelinski v. Goodyear Tire & Rubber Co., D.C.Ill.1980, 499 F.Supp. 1092, 1095, citing Wright & Miller.

Keiffer v. Southern Pac. Transp. Co., D.C.Tex.1980, 486 F.Supp. 798.

Teherepnin v. Franz, D.C.Ill.1977, 439 F.Supp. 1340, 1345, citing Wright & Miller.

First Nat. Bank of Minneapolis v. White, D.C.Minn.1976, 420 F.Supp. 1331, 1338, citing Wright & Miller.

St. Hilaire v. Shapiro, D.C.N.Y.1976, 407 F.Supp. 1029.

Garner v. Enright, D.C.N.Y.1976, 71 F.R.D. 656.

Seafood Imports, Inc. v. A.J. Cunningham Packing Corp., D.C.N.Y.1975, 405 F.Supp. 5.

Wassel v. Eglowsly, D.C.Md.1975, 399 F.Supp. 1330, 1369, citing Wright & Miller, affirmed per curiam C.A.4th, 1976, 542 F.2d 1235.

Odette v. Shearson, Hammill & Co., D.C.N.Y.1975, 394 F.Supp. 946, 952 n. 8, citing Wright & Miller.

McGonigle v. Penn–Central Transp. Co., D.C.Md.1969, 49 F.R.D. 58.

First Flight Co. v. National Carloading Corp., D.C.Tenn.1962, 209 F.Supp. 730.

LaChance v. Service Trucking Co., D.C. Md.1962, 208 F.Supp. 656.

Brandt v. Olson, D.C.Iowa 1959, 179 F.Supp. 363.

Gaspord v. Emery Transp. Co., D.C.Pa. 1959, 179 F.Supp. 207.

Gore v. U.S., D.C.Mass.1959, 171 F.Supp. 136.

McGrath v. Lund's Fisheries, Inc., D.C. Del.1959, 170 F.Supp. 173.

Berkey v. Rockwell Spring & Axle Co., D.C.Pa.1958, 162 F.Supp. 493.

Vaughn v. Terminal Transp. Co., D.C. Tenn.1957, 162 F.Supp. 647.

In O'Brien v. Allen, D.C.Pa.1955, 137 F.Supp. 691, the court held that 28 U.S.C.A. § 1391(a) has no application to third-party defendants since the section only limits venue to the judicial district "where all plaintiffs or all defendants reside."

Barry v. Guldenshuh, D.C.Pa.1954, 118 F.Supp. 267.

[T]he spirit and purpose of Rule 14 to a great extent would be frustrated if the venue statutes had to be applied to third-party proceedings under the Rule. Certainly a third-party residing outside this jurisdiction who is brought in under Rule 14 suffers no greater hardship in making his defenses here than those which must be borne by a non-resident defendant in a case founded only on the diversity of citizenship jurisdiction. In that instance, the venue of the suit may be that of either the plaintiff or defendant and the only protections afforded to the non-resident defendant are the requirements surrounding the service of process.[10]

This explanation seems to be eminently reasonable in light of the third-party defendant's interest in the outcome of the original action, the need to effectuate the policies underlying Rule 14, and the factors that have led the federal courts to develop the ancillary subject-matter jurisdiction concept.

Several early cases indicate that the third-party defendant's right to object to venue is the same as if the third-party claim were an independent action.[11] These decisions seem unsound because if a third-party claim is considered sufficiently ancillary to avoid the constitutional limitations on the subject-matter jurisdiction of the federal courts, it certainly should be considered ancillary for the purpose of the statutory venue restrictions, which simply seek to allocate the case to a reasonably convenient place

Leatherman v. Star, D.C.Tenn.1950, 94 F.Supp. 220.

Devens v. M.A. Henry Co., D.C.N.Y. 1948, 8 F.R.D. 368.

Moncrief v. Pennsylvania R. Co., D.C. Pa.1947, 73 F.Supp. 815.

Malkin v. Arundel Corp., D.C.Md.1941, 36 F.Supp. 948 (dictum).

Gray v. Hartford Acc. & Indem. Co., D.C.La.1940, 31 F.Supp. 299.

Morrell v. United Air Lines Transp. Corp., D.C.N.Y.1939, 29 F.Supp. 757.

See also

Mall Bank v. State ex rel. Department of Ins., Fla.App.1985, 462 So.2d 519, 520, citing Wright & Miller.

Ohio Bell Tel. Co. v. BancOhio Nat. Bank, 1982, 440 N.E.2d 69, 70, 1 Ohio Misc.2d 11, citing Wright & Miller.

Novco v. Grainger, 1982, 649 P.2d 445, 447, 199 Mont. 291, citing Wright & Miller.

Stowers Equip. Rental Co. v. Brown, Fla.App.1979, 370 So.2d 1248, 1249, citing Wright & Miller.

But compare

Swiss Israel Trade Bank v. Mobley, D.C. Ga.1970, 319 F.Supp. 374.

10. Purpose frustrated

Morrell v. United Air Lines Transp. Corp., D.C.N.Y.1939, 29 F.Supp. 757, 759 (per Goddard, J.).

11. Early cases

Habina v. M.A. Henry Co., D.C.N.Y. 1948, 8 F.R.D. 52.

Lewis v. United Air Lines Transp. Corp., D.C.Conn.1939, 29 F.Supp. 112.

King v. Shepherd, D.C.Ark.1938, 26 F.Supp. 357.

The view of these early cases is supported in Developments in the Law—Multiparty Litigation in the Federal Courts, 1958, 71 Harv.L.Rev. 874, 912.

for trial. Moreover, the third-party defendant is protected against an inconvenient or oppressive forum by the requirement that the court have personal jurisdiction over him and the court's ability to take account of venue considerations when exercising its discretion to decide whether to disallow impleader or to sever the third-party claim.[12]

A case illustrating the effect of not enforcing the statutory venue provisions in third-party actions is Globig v. Greene & Gust Company.[13] This was an action by an ordnance worker against an Indiana corporation for injuries sustained in the Western District of Wisconsin when plaintiff fell through the floor of a dwelling structure. Plaintiff sued in the Eastern District of Wisconsin, where he resided, and defendant impleaded the United States for contribution on the ground that the United States was the owner of the premises and that the work was being carried on under a contract with the federal government. The United States, citing the venue provisions of the Federal Tort Claims Act, moved to dismiss the third-party action because it was not lodged where the third-party plaintiff resided or where the accident took place. The court held that venue in a proceeding under Rule 14 could be based upon the venue established in the main action notwithstanding the special requirements of the Federal Tort Claims Act under which the third-party claim was brought. The court did indicate, however, that if the third-party defendant could show that it would be inconvenienced by having to litigate in the particular forum, that would be a basis for dismissing the third-party action or denying leave to implead as an initial matter.

It is interesting to note that the Globig court dealt with the question of venue in terms of the third-party plaintiff and the third-party defendant. This seems to be the appropriate frame of reference for employing the ancillary venue notion since these are the parties who are in an adversarial relationship regarding the third-party claim. However, many courts resort to the ancillary venue concept when there is a lack of venue between plaintiff and

---

**12. Discretion based on venue**

U.S. v. Acord, C.A.10th, 1954, 209 F.2d 709, certiorari denied 74 S.Ct. 786, 347 U.S. 975, 98 L.Ed. 1115.

Swiss Israel Trade Bank v. Mobley, D.C.Ga.1970, 319 F.Supp. 374.

First Flight Co. v. National Carloading Corp., D.C.Tenn.1962, 209 F.Supp. 730.

Globig v. Greene & Gust Co., D.C.Wis.1960, 184 F.Supp. 530.

Gore v. U.S., D.C.Mass.1959, 171 F.Supp. 136.

Manley v. Standard Oil Co. of Texas, D.C.Tex.1948, 8 F.R.D. 354.

**13. Globig case**

D.C.Wis.1960, 184 F.Supp. 530.

§ 1445  
Rule 14

THIRD-PARTY PRACTICE

Ch. 4

the third-party defendant,[14] although it is not clear that the statutory requirements have to be met with regard to those parties as well as between the parties to the third-party action. An analogous practice was discussed in the preceding section on subject-matter jurisdiction.[15] In that context the question was posed whether in a situation in which A of State X sues B of State Y and then B impleads C of State X it is necessary to resort to ancillary subject-matter jurisdiction in order to proceed with the case because A and C are residents of the same state; the suggestion made was that it is sufficient if there is complete diversity with respect to A's claim against B and B's claim against C. Along similar lines, one might ask whether if venue is proper as to the claim between A and B and the third-party claim between B and C, it is necessary that it be proper between A and C. The courts have not dealt with this question. Of course, inasmuch as federal courts generally are willing to employ ancillary venue in third-party actions, the question whether statutory venue requirements also have been met in a particular case is academic in most contexts. Nonetheless, a logical analysis of the venue question will avoid confusion among attorneys and judges and may facilitate the adjudication of venue problems.

If plaintiff exercises the right given by Rule 14(a) to assert a claim against the third-party defendant, independent jurisdictional grounds are necessary.[16] It might be argued that if the claim must be independent for jurisdictional purposes, it also should be regarded as independent for venue purposes.[17] This analogy is a faulty one, however. Inasmuch as the third-party defendant al-

**14. Plaintiff and third-party defendant venue**

U.S. v. Acord, C.A.10th, 1954, 209 F.2d 709, certiorari denied 74 S.Ct. 786, 347 U.S. 975, 98 L.Ed. 1115.

Brandt v. Olson, D.C.Iowa 1959, 179 F.Supp. 363.

Berkey v. Rockwell Spring & Axle Co., D.C.Pa.1958, 162 F.Supp. 493.

**15. Analogous practice**

See § 1444.

**16. Independent jurisdiction**

See § 1444.

**17. Subject matter analogy**

"However desirable it may be to dispose of all interrelated issues in the same action, * * * and notwithstanding that objections to venue may be waived, the principle applied in denying the right of a plaintiff to amend his complaint to assert an independent cause of action against a third-party defendant in cases where diversity of citizenship between them is lacking should be applied under the express provisions of Rule 82 in cases in which amendment of the complaint by the plaintiff over the objection of the third-party defendant would result * * * in the institution of an original proceeding against the third-party defendant in a district in which neither the plaintiff nor the third-party defendant resides." Habina v. M.A. Henry Co., D.C.N.Y.1948, 8 F.R.D. 52, 53.

## Ch. 4   PERSONAL JURISDICTION AND VENUE   § 1445
Rule 14

ready is participating in the lawsuit because of the third-party claim, there is no added inconvenience in requiring him to defend an additional claim in the same forum, especially one that arises from the same transaction; thus, venue over a claim by plaintiff against the third-party defendant should be held to be ancillary if the court has subject-matter and personal jurisdiction over it.[18]

As noted in the preceding section, the existing decisions are not uniform on the need for an independent subject-matter jurisdiction base when the third-party defendant asserts a claim against plaintiff as permitted by Rule 14(a). Whether or not such a claim is regarded as ancillary, it is apparent that plaintiff has no standing to object to the venue of the action since he chose the forum by initiating the original action against defendant and the third-party defendant's claim against him arises out of the same transaction.

Personal jurisdiction and venue problems also arise with respect to the cross-claims and counterclaims that may be asserted in third-party actions.[19] These are governed by the jurisdictional and venue principles that apply to actions under Rule 13.[20]

Finally, as is true in other contexts, objections to jurisdiction over the person and defects in venue may be waived in connection with any of the claims under Rule 14.[21] Furthermore, a lack of jurisdiction or venue cannot be asserted by the original plaintiff as to the third-party claim [22] or by the third-

**18.  Venue held ancillary**

Seafood Imports, Inc. v. A.J. Cunningham Packing Corp., D.C.N.Y.1975, 405 F.Supp. 5.

Season–All Indus., Inc. v. Merchant Shippers, D.C.Pa.1974, 385 F.Supp. 517.

D'Alberto v. Greyhound Lines, Inc., D.C.N.Y.1968, 45 F.R.D. 33.

Thompson v. United Artists Theatre Circuit, Inc., D.C.N.Y.1967, 43 F.R.D. 339.

Bonath v. Aetna Freight Lines, Inc., D.C.Pa.1963, 33 F.R.D. 260.

Abramovitch v. U.S. Lines, D.C.N.Y. 1959, 174 F.Supp. 587.

**19.  Cross-claims and counterclaims**

See § 1456.

**20.  Rule 13**

See §§ 1414–1416, 1422–1424, 1433.

**21.  Objections waived**

See vol. 5, §§ 1390–1397.

**22.  Plaintiff cannot assert**

"Assuming, without deciding, that this Court is without jurisdiction over the proposed third-party defendants, and that this district is not the proper venue for an action against them, it may be that they might voluntarily submit themselves to the jurisdiction of the Court, and never raise the question of venue. Clearly, in such case, the Court would have the power to dispose of the action against them, and no right of the plaintiff would be impaired by the Court's action. If plaintiff is entitled to judgment against the original defendant, her right will not be impaired by the fact that another defendant is joined in the action." Seemer v. Ritter, D.C. Pa.1938, 25 F.Supp. 688, 688–89.

353

party defendant as to the original claim.[23]

**23. Third-party cannot assert**

In Brandt v. Olson, D.C.Iowa 1959, 179 F.Supp. 363 (dictum), an Illinois plaintiff sued Texas and Iowa defendants in Iowa. The defendants impleaded the third party, a resident of Missouri and the court noted that the third-party defendant could not raise the original defendant's venue defense since the privilege of objecting to venue is personal and could be waived.

Carlisle v. S.C. Loveland Co., D.C.Pa. 1948, 77 F.Supp. 51. An appeal from this decision was dismissed as interlocutory, C.A.3d, 1949, 175 F.2d 418. In a companion case, Carlisle v. Kelly Pile & Foundation Corp., D.C.Pa. 1948, 77 F.Supp. 51, the claim against defendant, which was the third-party defendant in Carlisle v. S.C. Loveland Co., above, was ordered dismissed for lack of proper venue. This order was reversed on appeal. Carlisle v. Kelly Pile & Foundation Corp., C.A.3d, 1949, 175 F.2d 414.

But see

State Pub. School Bldg. Authority v. Tectum Corp., D.C.Pa.1963, 221 F.Supp. 308.