# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ODELIA ABECASSIS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. 4:09-CV-03884 |
| | § | |
| OSCAR S.  WYATT, JR., et al., | § | |
| | § | |
| Defendants. | § | |

**SERONO PHARMA INTERNATIONAL'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT**

**BEIRNE, MAYNARD & PARSONS, L.L.P.**
Roger L. McCleary, Attorney-In-Charge
TX Bar No. 13393700
S. D. Tex. No. 205
Meagan P. Wilder
TX Bar No. 24076769
S.D. Tex. No. 1550940
1300 Post Oak Boulevard, Suite 2500
Houston, Texas 77056
Phone: (713) 623-0887
Fax: (713) 871-6853
Email: rmccleary@bmpllp.com
        mwilder@bmpllp.com

**ATTORNEYS FOR THIRD-PARTY DEFENDANT
SERONO PHARMA INTERNATIONAL**

OF COUNSEL:
**NIXON PEABODY LLP**
Fred A. Kelly (*pro hac vice* admission pending)
Massachusetts Bar No. 544046
Danielle M. McLaughlin (*pro hac vice* admission pending)
Massachusetts Bar No. 675819
Tarae L. Howell (*pro hac vice* admission pending)
Massachusetts Bar No. 679500
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Phone: (617) 345-1000
Fax: (617) 345-1300
Email: fkelly@nixonpeabody.com
        dmclaughlin@nixonpeabody.com
        thowell@nixonpeabody.com

Table of Contents

Page

NATURE AND STAGE OF THE PROCEEDING.................................................................... 1

STATEMENT OF ISSUES ............................................................................................ 2

STANDARD OF REVIEW ............................................................................................ 2

SUMMARY OF THE ARGUMENT ................................................................................ 3

ARGUMENT .............................................................................................................. 4

I.     THE THIRD-PARTY COMPLAINT SHOULD BE DISMISSED AS TO
SERONO PHARMA INTERNATIONAL BECAUSE THIRD-PARTY
PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THIS COURT
HAS PERSONAL JURISDICTION OVER SERONO PHARMA
INTERNATIONAL ........................................................................................ 4

     A.    Third-Party Plaintiffs Have Failed to Make Even a Prima Facie
Case of Personal Jurisdiction Over Serono Pharma International .............. 5

     B.    Third-Party Plaintiffs Have Failed To Establish Specific Personal
Jurisdiction Over Serono Pharma International......................................... 6

     C.    Third-Party Plaintiffs Have Failed To Establish General Personal
Jurisdiction Over Serono Pharma International......................................... 6

II.    THE THIRD-PARTY COMPLAINT SHOULD BE DISMISSED AS TO
SERONO PHARMA INTERNATIONAL FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF MAY BE GRANTED ...................................... 8

     A.    The Third-Party Plaintiffs Cannot Bring Contribution Claims
Under the ATA ....................................................................................... 8

          1.    There Is No Express Right To Bring Contribution Claims
Under the ATA ............................................................................ 9

          2.    There Is No Implied Right To Bring Contribution Claims
Under the ATA ............................................................................ 10

          3.    There Is No Common Law Right To Bring Contribution
Claims Under the ATA ................................................................ 10

          4.    Contribution Claims Do Not Apply To Intentional Or
Knowing Violations Of a Statute ................................................. 12

     B.    The Third-Party Complaint Fails To Allege Facts That Show an
Underlying Violation of the ATA............................................................ 12

          1.    The Third-Party Plaintiffs Have Failed to Allege that
Serono Pharma International Provided "Material Support"
To Terrorist Organizations........................................................... 13

          2.    The Third-Party Plaintiffs Have Failed to Allege Scienter.......... 14

          3.    Third-Party Plaintiffs Have Failed To Allege Causation.............. 15

CONCLUSION............................................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*50 Off Stores v. Banque Paribas (Suisse) S.A.*,
 1997 U.S. Dist. LEXIS 11136 (W.D. Tex. May 20, 1997)....................................................12

*Abecassis v. Wyatt*,
 704 F. Supp.2d 623 (S. D. Tex. 2010) ...............................................................................1, 14

*Abecassis v. Wyatt*,
 785 F. Supp. 2d 614 (S. D. Tex. 2011) .......................................................................1, 14, 15

*Access Telecom, Inc. v. MCI Telecommunications Corp.*,
 197 F.3d 694 (5th Cir. 1999) ..................................................................................................3

*Alexander v. Sandoval*,
 532 U.S. 275 (2001)...............................................................................................................10

*Asahi Metal Ind. v. Superior Court*,
 480 U.S. 102 (1987).................................................................................................................4

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).........................................................................................................3, 8, 12

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007).................................................................................................................2

*Bullion v. Gillespie*,
 895 F.2d 213 (5th Cir. 1990) ..................................................................................................4

*Burger King Corp. v. Rudzewicz*,
 471 U.S. 462 (1985).................................................................................................................4

*Central Freight Lines, Inc. v. APA Transp. Corp.*,
 322 F.3d 376 (5th Cir. 2003) ...............................................................................................3, 6

*Covington Marine Corp. v. Xiamen Shipbuilding Indus. Co.*,
 2012 U.S. Dist. LEXIS 33867 (E.D. La. Mar. 14, 2012)........................................................5

*Helicopteros Nacionales de Colombia. S.A. v. Hall*,
 466 U.S. 408 (1984)..............................................................................................................5, 6

*Highland Capital Mgmt., L.P. v. Bank of Am.*,
 698 F.3d 202 (5th Cir. 2012) ...............................................................................................8, 12

*In re Walker*,
   51 F.3d 562 (5th Cir. 1995) ...........................................................................10

*Litle v. Arab Bank, PLC*,
   611 F. Supp. 2d 233 (E.D.N.Y. 2009) ...................................................... passim

*Musick, Peeler & Garrett v. Employers Ins. Of Wausau*,
   508 U.S. 286 (1993)........................................................................................12

*Northwest Airlines v. Transp. Workers Union*,
   451 U.S. 77 (1980)...........................................................................................11

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
   253 F.3d 865 (5th Cir. 2001) .....................................................................5, 6, 7

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
   688 F. 3d 214 (5th Cir. 2012) .........................................................................2, 5

*Religious Ctr. v. Liebreich*,
   339 F.3d 369 (5th Cir. 2003) .............................................................................4

*Tex. Indus. v. Radcliff Materials*,
   451 U.S. 630 (1981)..............................................................................8, 10, 11

*Title v. Enron Corp.*,
   228 F.R.D. 541 (S.D. Tex. 2005)......................................................................11

## FEDERAL STATUTES

18 U.S.C. §§ 2331 et seq..........................................................................................1

18 U.S.C. § 2333.........................................................................................9, 11, 15

18 U.S.C. § 2339A........................................................................................13, 14

18 U.S.C. § 2339B........................................................................................13, 14

18 U.S.C. § 2339C........................................................................................13, 14

## RULES

Fed. R. Civ. P. 12(b)(2)...................................................................................2, 3, 15

Fed. R. Civ. P. 12(b)(6)................................................................................2, 3, 8, 15

## CONSTITUTIONAL PROVISIONS

Fourteenth Amendment .............................................................................................5

## NATURE AND STAGE OF THE PROCEEDING

Plaintiffs in this case allege that they are victims and family members of victims killed or injured in terrorist attacks in Israel from 2001 to 2002.  They brought claims against Defendants El Paso Corporation, Bayoil Companies, NuCoastal Companies, David Chalmers, Jr., and Oscar Wyatt, Jr. alleging that these Defendants were involved in buying Iraqi oil with payments that included illegal kickbacks to a secret bank account in Jordan controlled by Saddam Hussein, in violation of regulations of the United Nations Oil-for-Food Program ("OFP").  *See Abecassis v. Wyatt*, 785 F. Supp. 2d 614, 617 (S. D. Tex. 2011).  Plaintiffs further allege that Hussein used funds from this account to make reward payments to the families of the suicide bombers who carried out the terrorist attacks in Israel.  *Id*. at 623.

On January 2, 2009, Plaintiffs filed their original Complaint, bringing claims under the Torture Victims Protection Act ("TVPA"), international law with jurisdiction based on the Alien Tort Statute ("ATS"), and the Antiterrorism Act ("ATA"), 18 U.S.C. §§ 2331 et seq.  On March 31, 2010, this Court dismissed the TVPA and ATS claims with prejudice, and dismissed the ATA claims with leave to replead.  *See Abecassis v. Wyatt*, 704 F. Supp.2d 623 (S. D. Tex. 2010).  Plaintiffs amended their Complaint, and on March 31, 2011, this Court denied Defendants' motion to dismiss the ATA claims.  *See Abecassis v. Wyatt*, 785 F. Supp.2d 614 (S. D. Tex. 2011).

On October 30, 3012, Defendants Bayoil, NuCoastal, Chalmers, and Wyatt ("Third-Party Plaintiffs") filed a Third-Party Complaint against 62 corporations and individuals, including Serono Pharma International.  According to the Third-Party Complaint, "any individuals or businesses who paid money to Hussein as part of doing business with Iraq during the pendency of [the Hussein] Regime would also be liable to Plaintiffs under the ATA."  Third-Party Compl. ¶ 3.3.  Third-Party Plaintiffs further allege that if they are liable, "then Third-Party Defendants

are also liable to Third-Party Plaintiffs." *Id.* at ¶ 3.5.  The Third-Party Plaintiffs bring only a claim for contribution to the payment of any award against them to Plaintiffs.  *Id.* at ¶ 4.1.

## <u>STATEMENT OF ISSUES</u>

1.  Whether Third-Party Plaintiffs' claim against Serono Pharma International should be dismissed because this Court does not have personal jurisdiction over Serono Pharma International.

2.  Whether Third-Party Plaintiffs' claim against Serono Pharma International should be dismissed because there is no contribution cause of action for an ATA claim.

3.  Whether Third-Party Plaintiffs' claim against Serono Pharma International should be dismissed because, by failing to include factual allegations regarding conduct, scienter, and causation, they failed to state a claim against Serono Pharma International for an underlying violation of the ATA.

## <u>STANDARD OF REVIEW</u>

For issue one, a complaint is properly dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure where, as here, the Third-Party Plaintiffs fail to satisfy their burden of establishing a *prima facie* basis of minimum contacts with the forum sufficient for personal jurisdiction.  *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F. 3d 214, 219–20 (5th Cir. 2012).  A district court's dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure for want of personal jurisdiction is reviewed *de novo* on appeal.  *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

For issues two and three, a complaint is properly dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure where, as here, it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Id.* at 555.  Moreover, to overcome a motion to dismiss, the plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A district court's dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted is reviewed *de novo*.  *Stearman v Commissioner of Internal Revenue*, 436 F.3d 533 (5th Cir. 2006).

## SUMMARY OF THE ARGUMENT

Serono Pharma International respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), that this Court dismiss the Third-Party Complaint against it for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted.[1]

Third-Party Plaintiffs have failed to meet the most basic pleading threshold – the establishment of a *prima facie* case of personal jurisdiction over Serono Pharma International – because the Third-Party Complaint is bereft of a single fact alleging any contact with the State of Texas.  Third-Party Plaintiffs make no contention that their claim arises from or relates to any contacts between Serono Pharma International and Texas so they cannot assert specific personal jurisdiction.  Beyond a conclusory allegation, Third-Party Plaintiffs have not provided a single fact demonstrating – and nor does Serono Pharma International have – the "substantial," "systematic," and "continuous" contacts with this forum necessary for this Court to obtain general personal jurisdiction over a nonresident defendant.  *See Central Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003).

Third-Party Plaintiffs have failed to state a claim upon which relief can be granted, because (i) Third-Party Plaintiffs have failed to provide a legal basis for the sole, "contribution"

---

[1]    Serono Pharma International, the named Third-Party Defendant in this action, was a division of Ares Trading S.A.  Because a division of a corporation may or may not have separate legal status, and on the basis that Serono Pharma International has been dissolved, this motion to dismiss and the analysis herein is based on Ares Trading S.A's contacts with the state of Texas, prior to the date of filing of the Third-Party Complaint.  *See Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 717 (5th Cir. 1999).

claim against Serono Pharma International, and (ii) even if a legal basis existed, Third-Party Plaintiffs have failed to provide sufficient factual allegations regarding conduct, scienter, and causation to form a basis for said contribution claim.

## **ARGUMENT**

I.   **THE THIRD-PARTY COMPLAINT SHOULD BE DISMISSED AS TO SERONO PHARMA INTERNATIONAL BECAUSE THIRD-PARTY PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THIS COURT HAS PERSONAL JURISDICTION OVER SERONO PHARMA INTERNATIONAL**

In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must present facts sufficient to constitute a *prima facie* case of personal jurisdiction. *Bullion* v. *Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). To carry its burden, a plaintiff must show that a non-resident defendant has "purposefully established 'minimum contacts' in the forum State." *Asahi Metal Ind. v. Superior Court*, 480 U.S. 102, 108–09 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). These minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal*, 480 U.S. at 109 (citations omitted); *see also Burger King*, 471 U.S. at 474 (plaintiff must show that "the defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there").

Specific personal jurisdiction is established where a nonresident defendant has purposely availed itself of the privilege of conducting activities within the forum state by directing its activities at the state, and the plaintiff's claims arose out of those activities. *Religious Ctr. v. Liebreich,* 339 F.3d 369, 375 (5th Cir. 2003). General personal jurisdiction is established over a nonresident defendant only where there are continuous and systematic contacts between the

4

nonresident defendant and the forum state.  *Helicopteros Nacionales de Colombia. S.A. v. Hall,* 466 U.S. 408, 414-15 (1984).

### A.   Third-Party Plaintiffs Have Failed To Make Even a *Prima Facie* Case of Personal Jurisdiction Over Serono Pharma International

The Third-Party Plaintiffs bear the burden of establishing personal jurisdiction over Serono Pharma International, and they must establish that (a) "the forum state's long-arm statute . . . confer[s] personal jurisdiction" and (b) "the exercise of jurisdiction [does] not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment." *see Pervasive Software*, 688 F.3d at 219-20. Conclusory allegations are insufficient to satisfy this burden.  *See Panda Brandywine Corp. v. Potomac Elec. Power Co*., 253 F.3d 865, 869 (5th Cir. 2001) ("the prima-facie-case requirement . . . does not require the court to credit conclusory allegations, even if uncontroverted.").

Here, Third-Party Plaintiffs offer a sole, conclusory allegation that this Court has personal jurisdiction over Serono Pharma International due to its purported "substantial, continuous, and systematic contacts with and in the State of Texas."  Third-Party Compl. ¶ 2.2. However, the Third-Party Plaintiffs offer not a *single fact* upon which to base this allegation. This is not, as a matter of law, enough to establish personal jurisdiction.  *Covington Marine Corp. v. Xiamen Shipbuilding Indus. Co.*, 2012 U.S. Dist. LEXIS 33867, at *15-16 (E.D. La. Mar. 14, 2012) (Dismissal appropriate where plaintiff's jurisdictional allegations were not supported by facts: "Plaintiffs in the instant case do not even get out of the gate, so to speak, as they have failed to allege facts or provide evidence which put into question whether these requisite minimum contacts between [defendant] and this forum exist.").

This Court is not required to credit the Third-Party Plaintiffs' conclusory allegations, and because they have failed to make even a *prima facie* case of personal jurisdiction over

Serono Pharma International, the Third-Party Complaint should be dismissed against it. *See Panda Brandywine,* 253 F.3d at 869.

**B.      Third-Party Plaintiffs Have Failed To Establish Specific Personal Jurisdiction Over Serono Pharma International**

A court may exercise specific personal jurisdiction over a nonresident defendant where the case or controversy arises out of or is related to the defendant's contacts with the forum. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).  Not only do Third-Party Plaintiffs fail to identify any conduct by Serono Pharma International in Texas, they do not identify any conduct by Serono Pharma International in Texas related to this case. Accordingly, Third-Party Plaintiffs may not seek specific personal jurisdiction over Serono Pharma International in this matter.

**C.      Third-Party Plaintiffs Have Failed To Establish General Personal Jurisdiction Over Serono Pharma International**

To exercise general jurisdiction, the court must determine whether a nonresident defendant has "substantial, continuous, and systematic contacts" with the forum state. *Central Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003).  At a minimum, general personal jurisdiction requires such "continuous and systematic general business contacts" with the forum as to render any exercise of jurisdiction fundamentally fair. *Helicopteros,* 466 U.S. at 416.

In *Helicopteros*, the nonresident Colombian defendant corporation had negotiated a contract in Texas, purchased helicopters, equipment, and training services from a Texas manufacturer, sent employees to Texas for training, to pick up aircraft, and for a technical consultation with a supplier, and received payments from a bank in Texas.  466 U.S. at 416.  The Supreme Court held that those contacts with Texas were insufficient to satisfy the due process requirements for general jurisdiction. *Id.* at 418-19.

6

Here, there are no significant contacts between Serono Pharma International and Texas, let alone the substantial, continuous and systematic contacts required for general jurisdiction. The only allegation in the Third-Party Complaint is that Third-Party Defendants have "continuous and systematic contacts with and in the State of Texas," Third-Party Compl. ¶ 2.2, but that single conclusory allegation is insufficient to satisfy Third-Party Plaintiffs' high burden to establish general personal jurisdiction.  *See* Section I.A, *supra*, and *Panda Brandywine*, 253 F.3d at 869.

As explained above, Serono Pharma International was a division of Ares Trading, which is headquartered in Aubonne, Switzerland and is organized under the laws of Switzerland.  Ares Trading has no significant contacts with the state of Texas.  Ares Trading:

- Does not maintain a company office or physical address in the State of Texas;
- Does not conduct operations in the State of Texas;
- Is not registered or licensed to do business in the State of Texas;
- Has no tax filing obligations in the State of Texas;
- Does not maintain bank accounts in the State of Texas;
- Does not have a registered agent for service of process in the State of Texas;
- Does not own any real property or personal property in the State of Texas; and
- Does not directly sell any product or services in the State of Texas.

(Declaration of Glyn Harris, ¶¶ 4-11.)  Because Third-Party Plaintiffs have failed to plead facts demonstrating that Serono Pharma International's contacts with Texas are substantial, continuous, and systematic, they have failed to make even a *prima facie* case of general personal jurisdiction, and the Third-Party Complaint against Serono Pharma International should be dismissed.

## II.   THE THIRD-PARTY COMPLAINT SHOULD BE DISMISSED AS TO SERONO PHARMA INTERNATIONAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

This Court may dismiss the Third-Party Complaint against Serono Pharma International for failure to state a claim upon which relief may be granted if it does not contain allegations showing that the Third-Party Plaintiffs' right to relief is plausible.  *See Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6).  A claim is plausible when the plaintiff pleads sufficient facts such that the court can "draw a reasonable inference that the defendant is liable for the misconduct alleged."  *Highland Capital Mgmt., L.P. v. Bank of Am.*, 698 F.3d 202, 205 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  A complaint is insufficient if it offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Highland Capital*, 698 F.3d at 205 (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).  Even if the ATA did provide a legal basis for the Third-Party Plaintiffs' claim (which Serono Pharma International asserts it does not), the Third-Party Complaint, offering only the barest, conclusory allegations, fails to meet the pleading standards set out by the Supreme Court and the Federal Rules of Civil Procedure and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### A.   Third-Party Plaintiffs Cannot Bring Contribution Claims Under the ATA

Contribution claims cannot proceed under the ATA because neither the statute nor federal common law creates a right of contribution.  The Supreme Court has conclusively established that contribution claims under federal statutes exist in only two circumstances: (1) "through affirmative creation of a right of action by Congress, either expressly or by clear implication;" or (2) "through the power of federal courts to fashion a federal common law of contribution."  *Tex. Indus. v. Radcliff Materials*, 451 U.S. 630, 638 (1981) (citing *Northwest Airlines v. Transp. Workers Union*, 451 U.S. 77, 90 (1980)).

The sole court to consider this issue – a New York federal court – determined that the ATA does not provide any right, either statutorily or through common law, for parties to bring contribution claims. *See Litle v. Arab Bank, PLC*, 611 F. Supp. 2d 233 (E.D.N.Y. 2009). In *Litle*, victims of terrorist attacks brought an ATA claim against Arab Bank PLC ("Arab Bank") for providing banking and administrative services to terrorist organizations. *Id.* at 235. Arab Bank subsequently filed a Third-Party Complaint against four other banks, alleging that, to the extent that Arab Banks is found liable, the Third-Party Defendants "should contribute to any damages found against Arab Bank . . . ." *Id.* at 235-36.

### 1.    There is No Express Right To Bring Contribution Claims Under the ATA

The *Litle* decision establishes that Congress did not create an express right to bring contribution claims under the ATA. *See id.* at 241, *citing* 18 U.S.C. §2333. Instead, on its face, the ATA simply provides that U.S. nationals may bring suits in federal courts to recover treble damages, litigation cost and attorney's fees:

> Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustained and the cost of the suit, including attorney's fees.

18 U.S.C. § 2333. The statute's language makes "it [. . .] clear that the ATA was enacted to benefit the victims of terrorism, not terrorists or those who aid and abet them." *Litle*, 611 F. Supp. 2d at 242. There is no right of recovery for anyone other than victims of terrorism. *See id.* ("Plaintiffs, should they prevail, are entitled to fully recover from Arab Bank, and adding a right of contribution would add to the expense of their litigation").

9

### 2. There is No Implied Right To Bring Contribution Claims Under the ATA

The ATA's legislative history provides no indication that a right to bring contribution claims can be implied under the statute. *See Litle*, 611 F. Supp. 2d at 245 ("Nowhere in the ATA's legislative history did Congress consider whether a defendant who intentionally violates the ATA should be entitled to recover damages from other entities."). As explained by the Supreme Court in *Texas Industries*, "[t]he absence of any references to contribution in the legislative history or of any possibility that Congress was concerned with softening the blow on joint wrongdoers in this setting makes examination of other factors unnecessary." 451 U.S. at 639. Indeed, the Supreme Court recently clarified that implied rights of action are disfavored because "the interpretive inquiry begins with the text and structure of the statute, and ends once it has become clear that Congress did not provide a cause of action." *Alexander v. Sandoval*, 532 U.S. 275, 288 n.7 (2001) (internal citations omitted). Here, the text and legislative history of the ATA demonstrate that there is no implied statutory right to bring contribution claims under the act.

### 3. There is No Common Law Right To Bring Contribution Claims Under the ATA

Even though federal courts have jurisdiction to hear ATA claims, "vesting of jurisdiction in the federal courts does not in and of itself give rise to authority to formulate federal common law." *Tex. Indus.*, 451 U.S. at 640-641. The creation of federal common law is essentially restricted to two instances: (1) "those in which a federal rule of decision is necessary to protect a unique federal interest" and (2) "those in which Congress has given the courts power to develop substantive law." *Id.* at 640 (internal quotations and citations omitted); *see also In re Walker*, 51 F.3d 562, 567 (5th Cir. 1995) (explaining that the court does not "wantonly use [its] power to fashion common-law remedies").

10

Although the ATA concerns important issues of federal law, the private causes of action that it provides for do not involve a "uniquely federal interest."  *See Litle* 611 F. Supp. 2d at 247 ("Nor does the ATA, although it unquestionably deals with important issues of federal law, falls within the category of cases where a federal rule of decision is necessary to protect uniquely federal interest").  Federal common law must "involve the duties of the Federal Government, the distribution of powers in our federal system, or matters necessarily subject to federal control even in the absence of statutory authority."  *Tex. Indus.*, 451 U.S. at 642.  Here, the contribution claim involves a dispute between alleged wrongdoers – it does not involve the federal government, distribution of federal powers or matters subject to federal control.  Without a doubt, "a private suit brought by private parties pursuant to a federal statute does not, without more, implicate uniquely federal interest."  *Litle* 611 F. Supp. 2d at 247.  Because the ATA does not involve a uniquely federal interest, there is, therefore, no basis for a court to create a common law right of contribution under the statute.

Moreover, there is nothing in the ATA that suggests that Congress empowered "courts to create a common law contribution right under the ATA."  *Litle,* 611 F. Supp. 2d at 246.  Even though courts sometimes interpret and define violations of the ATA, there is "a sharp distinction between lawmaking powers conferred in defining violations and the ability to fashion the relief available to parties claiming injury."  *Tex. Indus.*, 451 U.S. at 644.  In fact, the ATA explicitly provides other rights, including the right to recover treble damages, litigation costs and attorney's fees, but is silent on the right of contribution.  *See* 18 U.S.C. § 2333.  Many courts, including those in the Southern District of Texas, acknowledge that when a statute provides explicit remedies, the absence of others indicate "the presumption that a remedy was deliberately omitted from a statute . . . ."  *Northwest Airlines*, 451 U.S. at 97; *accord Title v. Enron Corp.*,

228 F.R.D. 541, 552 (S.D. Tex. 2005) (finding that the "exclusivity of the express remedies" under ERISA demonstrates that a remedy for indemnification and contribution are not available). The ATA explicitly provides remedies for victims of terrorism.  It is axiomatic that Congress did not give the federal courts the power to fashion additional remedies, such as contribution claims.

### 4.    Contribution Claims Do Not Apply To Intentional or Knowing Violations of a Statute

More generally, contribution claims apply only to negligent conduct – not intentional or knowing violations of a statute.  *See Musick, Peeler & Garrett v. Employers Ins. Of Wausau,* 508 U.S. 286, 297 (1993) ("The course of tort law in this century has been to reverse the old rule against contribution, but this movement has been confined in large part to actions in negligence."); *Litle* 611 F. Supp. 2d at 245 (citing the *Musick* case to show that contribution claims are limited to negligence actions); *50 Off Stores v. Banque Paribas (Suisse) S.A.*, 1997 U.S. Dist. LEXIS 11136, at *39 (W.D. Tex. May 20, 1997) ("Contribution under the original contribution statute in Texas is available from joint tortfeasors only for claims of negligence"). The ATA involves a tortfeasor's intentional or knowing conduct in support of terrorism and is meant to punish the direct perpetrator.  Therefore, as the common law suggests, a party who intentionally and knowingly causes harm to another should not be allowed to seek a contribution from other parties.

### B.    The Third-Party Complaint Fails To Allege Facts that Show an Underlying Violation of the ATA

Even if this Court determines that the ATA allows for contribution claims, the Third-Party Plaintiffs have failed to meet their burden, under *Iqbal* and its progeny, to plead sufficient factual allegations to allow this Court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."  *Highland Capital Mgmt., L.P. v. Bank of Am.*, 698 F.3d 202, 205 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

**1.      Third-Party Plaintiffs Failed To Allege that Serono Pharma International Provided "Material Support" To Terrorist Organizations**

The Third-Party Plaintiffs simply argue that if they are found liable, then "any individuals or businesses who paid money to Hussein as part of doing business with Iraq during the pendency of that Regime would be liable to Plaintiffs under the ATA."  *See* Third-Party Compl. ¶ 3.3.  However, all relevant sections of the ATA require a showing of "material support" to terrorist organizations.  *See* 18 U.S.C. § 2339A ("Whoever provides material support or resources . . . knowing or intending that they are to be used in preparation for, or carrying out, a violation" of various federal statutes shall be liable under the ATA); 18 U.S.C. § 2339B ("Whoever knowingly provides material support or resources to a foreign terrorist organization . . . shall be fined . . . or imprisoned not  more than 15 years, and, if the death of any person results, shall be imprisoned for any term of years or for life."); 18 U.S.C. § 2339C ("Whoever . . . by any means, direct or indirectly unlawfully or willfully provides or collect funds with the intention that such funds be used . . . in order to carry out" terrorist acts shall be criminally liable").

Here, the Third-Party Complaint merely alleges that the Third-Party Defendants "made payments to Hussein."  Third-Party Compl. ¶ 3.5.  Even assuming, *arguendo*, that this is true, making payments to Saddam Hussein does not, without more, show that that Serono Pharma International provided material support to terrorist organizations.  Third-Party Plaintiffs do not allege how, when, or where Serono Pharma International purportedly paid money to Saddam Hussein, nor do they explain why such purported payments constitute "material support" for terrorism.  Accordingly, the Third-Party Complaint fails to provide the minimum facts necessary to support a claim that Serono Pharma International violated the ATA.

13

### 2.      Third-Party Plaintiffs Failed To Allege Scienter

In addition, the Third-Party Plaintiffs do not allege scienter. The Third-Party Complaint contains not a single fact demonstrating that Serono Pharma International, or for that matter, any of the Third-Party Defendants, acted knowingly or intentionally.   The ATA only provides liability for knowing or intentional conduct.   *See* 18 U.S.C. § 2339A ("Whoever provides material support . . . **knowing** or **intending** that they are to be used . . ."); 18 U.S.C. § 2339B ("whoever **knowingly** provides material support or resources . . ."); 18 U.S.C. § 2339C ("Whoever . . . **willfully** provides or collect funds . . .") (emphasis added).  Third-Party Plaintiffs do nothing more than assert a single, conclusory allegation that Serono Pharma International, and the other Third-Party Defendants, "made payment to Hussein."  This is simply insufficient to meet the ATA's requirement that the defendants acted knowingly or intentionally.

This Court has already recognized that the Plaintiff's ATA claim "must allege, at a minimum, that each defendant knew that the oil it was buying through the OFP was tied to kickbacks to Hussein and that Hussein was using OFP kickbacks money to fund terrorism that targeted American nationals."  *See Abecassis v. Wyatt*, 704 F. Supp. 2d 623, 665 (S.D. Tex. 2010); *accord Abecassis v. Wyatt*, 785 F. Supp. 2d 614, 645 (S.D. Tex. 2011) (ATA liability requires that "the defendant must know (or intend) that its money is going to a group engaged in terrorist acts or is being used to support terrorist acts.").

The Third-Party Complaint completely fails to allege facts that meet the standard outlined by this Court.  Third-Party Plaintiffs have failed to show that Serono Pharma International knew that its participation in the OFP program would somehow be tied to kickbacks to Saddam Hussain.  They have failed to show that Serono Pharma International knew (i) that kickbacks to Sadam Hussein were being used to fund terrorism, (ii) that its participation in OFP supported

14

terrorist organizations generally, and (iii) that its participation in OFP supported terrorist acts in Israel.

### 3.      Third-Party Plaintiffs Failed To Allege Causation

In addition to the many deficiencies outlined herein, the Third-Party Complaint does not allege facts demonstrating that Serono Pharma International's actions caused injury to the Plaintiffs.  The ATA clearly states that only U.S. nationals who are injured "by reason of an act of international terrorism" may recover damages.  *See* 18 U.S.C. § 2333.  The phrase "by reason of" generally means that the party must show that the defendant's actions were a "proximate cause" of their injuries.  *See Abecassis*, 785 F. Supp. 2d at 633-634 (explaining that courts generally interpret "by reason of" as requiring a showing of proximate cause).  Aside from saying that the Third-Party Defendants "made payments to Hussein," the Third-Party Complaint fails to explain how such purported payments caused any harm to the Plaintiffs.  Mere participation in the OFP program does not, in itself, establish that Serono Pharma International was the proximate cause of any harm to the Plaintiffs.

In sum, the Third-Party Plaintiffs have failed to allege sufficient facts to state a plausible claim that Serono Pharma International knowingly or intentionally provided material support to terrorist organizations that caused harm to the Plaintiffs.  These deficiencies are fatal, and therefore, the Third-Party Complaint must be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### CONCLUSION

For the foregoing reasons, Third–Party Defendant Serono Pharma International respectfully requests that this Court grant its Motion to Dismiss the Third-Party Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

   /s/  Roger L. McCleary
Roger L. McCleary, Attorney-In-Charge
TX Bar No. 13393700
S. D. Tex. No. 205
Meagan P. Wilder
TX Bar No. 24076769
S.D. Tex. No. 1550940
1300 Post Oak Boulevard, Suite 2500
Houston, Texas 77056
Phone: (713) 623-0887
Fax: (713) 871-6853
Email: rmccleary@bmpllp.com
          mwilder@bmpllp.com

**ATTORNEYS FOR THIRD-PARTY
DEFENDANT SERONO PHARMA
INTERNATIONAL**

OF COUNSEL

**NIXON PEABODY LLP**
Fred A. Kelly (*pro hac vice* admission pending)
Massachusetts Bar No. 544046
Danielle M. McLaughlin (*pro hac vice* admission pending)
Massachusetts Bar No. 675819
Tarae L. Howell (*pro hac vice* admission pending)
Massachusetts Bar No. 679500
100 Summer Street
Boston, MA 02110
Phone: (617) 345-1000
Fax: (617) 345-1300
Email: fkelly@nixonpeabody.com
          dmclaughlin@nixonpeabody.com
          thowell@nixonpeabody.com

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 6, 2013, a copy of the foregoing Motion to Dismiss was filed via the S.D. Texas CM/ECF system. Service on counsel was made on all registered parties through the Panel's CM/ECF system, and paper copies will be sent to those indicated as non-registered participants on the date of filing.

Dated:  May 6, 2013                                /s/  Roger L. McCleary       

17