IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ODELIA ABECASSIS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. 4:09-CV-03884 |
| | § | |
| OSCAR S. WYATT, JR., et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT EL PASO CORPORATION'S REPLY TO
PLAINTIFFS' RESPONSE TO MOTION FOR JUDGMENT ON THE PLEADINGS**

William R. Pakalka
Layne E. Kruse
Anne M. Rodgers
Lauren Miller Etlinger
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77010

John L. Shoemaker
KINDER MORGAN, INC.
1001 Louisiana, Suite 849
Houston, Texas  77002

*Attorneys for Defendant El Paso Corporation*

86926788

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abecassis v. Wyatt* (*Abecassis I*),
    704 F. Supp. 2d 623 (S.D. Tex. 2010) ..........................................................................1, 3

*Abecassis v. Wyatt* (*Abecassis II*),
    785 F. Supp. 2d 614 (S.D. Tex. 2011) ..........................................................................1, 4

*Boim v. Holy Land Foundation (Boim III),*
    549 F.3d 685 (7th Cir. 2008) .............................................................................................1

*Estep v. City of Somerset, Ky.*,
    CIV.A. 10-286-ART, 2011 WL 845847 (E.D. Ky. Mar. 8, 2011) ....................................5

*In re Fedders N. Am., Inc.*,
    422 B.R. 5 (Bankr. D. Del. 2010) ....................................................................................5

*Gill v. Arab Bank, PLC*,
    891 F. Supp. 2d 335 (E.D.N.Y. 2012) .............................................................................2

*Keane v. Fox Television Stations, Inc.*,
    297 F. Supp. 2d 921 (S.D. Tex. 2004), *aff'd*, 129 F. App'x 874 (5th Cir. 2005) ...............4

*Mastafa v. Australian Wheat Bd. Ltd.*,
    No. 07 Civ. 7955(GEL), 2008 WL 4378443 (S.D.N.Y. Sept. 25, 2008) ..........................3

*Merrell v. Hartford*,
    No. C-08-348, 2009 WL 3063323 (S.D. Tex. Sept. 22, 2009) ..........................................5

*Rothstein v. UBS AG*,
    708 F.3d 82 (2d Cir. 2013)..........................................................................................2, 3, 5

*Stoffels ex rel. SBC Telephone Concessions Plan v. SBC Comm'ns, Inc.*,
    677 F.3d 720 (5th Cir. 2012) .............................................................................................5

*Stansell v. BGP, Inc.*,
    No. 8:09-cv-2501, 2011 WL 1296881 (M.D. Fla. Mar. 31, 2011) ....................................1

*Strauss v. Credit Lyonnaise*,
    Nos. 06-cv-702, 07-cv-914, 2013 WL 751283 (E.D.N.Y. Feb. 28, 2013) ....................2, 3

*In re Terrorist Attacks on September 11, 2001*,
    No. 11 Civ. 3294, 2013 WL 159883 (2d Cir. Apr. 16, 2013)......................................2, 3, 4

## RULES AND STATUTES

18 U.S.C. § 2331(1)(B)...............................................................................................1

18 U.S.C. § 2339A....................................................................................................1

28 U.S.C. § 1292(b)..................................................................................................5

Rule 12.......................................................................................................................5

Rule 12(b)..................................................................................................................5

Rule 12(c)..................................................................................................................5

Rule 54(b)..................................................................................................................5

**I.      Plaintiffs Make no Effort to Demonstrate that El Paso's Alleged Acts Objectively "Appear to be Intended" for Purposes of International Terrorism**

The Court has not previously considered whether El Paso's alleged acts objectively "appear to be intended" for the terrorism purposes set out in the ATA's definition of international terrorism in 18 U.S.C. § 2331(1)(B). Doc. 265 at 10-13. Indeed, the only mention of that requirement in the Court's prior decisions is this:

> But, as one of the dissenters notes [in *Boim v. Holy Land Foundation (Boim III)*, 549 F.3d 685, 708-09 (7th Cir. 2008)], it is not "evident (to say the least) that financially supporting a Hamas-affiliated charity is an act that 'appear[s] to be intended' to have the sorts of coercive or intimidating effects on government policy or upon a civilian population as described in section 2331(1)(B)."

*Abecassis v. Wyatt* (*Abecassis I*), 704 F. Supp. 2d 623, 647 n.18 (S.D. Tex. 2010); *Abecassis v. Wyatt* (*Abecassis II*), 785 F. Supp. 2d 614, 631 n.12 (S.D. Tex. 2011).

Plaintiffs simply ignore that fundamental requirement of the ATA and do not even address *Stansell v. BGP, Inc.*, No. 8:09-cv-2501, 2011 WL 1296881 (M.D. Fla. Mar. 31, 2011). They instead refer to the Court's discussions of the knowledge or intent requirements of the various predicate acts required for a claim under the ATA to argue that allegations of intent are not required under the ATA. *See* Doc. 265 at 10-13 (citing *Abecassis I*, 704 F. Supp. 2d at 664; *Abecassis II*, 785 F. Supp. 2d at 628, 635, 645-47).[1] Plaintiffs make no attempt to show they have alleged a factual basis in the FAC that would "lead an objective observer to conclude [that El Paso] intended to achieve any one of the results listed in § 2331(1)(B)." *Stansell*, 2011 WL 1296881, at *9. It is El Paso's conduct that must meet that test and it does not under the facts alleged. Plaintiffs' complaint should be dismissed for that reason alone.

---

[1] *I.e.*, 18 U.S.C. § 2339A requires that a party provide material support "knowing or intending" it is to be used for various offenses; § 2339B makes it an offense to "knowingly provide" material support to a foreign terrorist organization; and § 2339C requires that a party act "unlawfully and willfully . . . with the intention that such funds be used" to carry out various offenses.

**II.    Plaintiffs Fail to Demonstrate that the FAC Alleges Proximate Cause**

Plaintiffs acknowledge that this Court did not previously have the benefit of the Second Circuit's decision in *Rothstein v. UBS AG*, 708 F.3d 82 (2d Cir. 2013), which "applied different standards under the ATA" than the Court did in *Abecassis II*.  Doc. 265 at 1.

Plaintiffs then attempt to bolster their previous proximate cause arguments by relying on two decisions from the Eastern District of New York.  Doc. 265 at 14-17.  The first, *Gill v. Arab Bank, PLC*, 891 F. Supp. 2d 335, 367 (E.D.N.Y. 2012), predates *Rothstein* and is no longer good law on that point.  And the second, *Strauss v. Credit Lyonnaise*, Nos. 06-cv-702, 07-cv-914, 2013 WL 751283 (E.D.N.Y. Feb. 28, 2013), supports El Paso's argument.  It distinguished *Rothstein* on the facts because the defendant's funds in *Strauss* were "purportedly going directly to Hamas front-groups" and Hamas was the organization that carried out the attacks at issue in that case, whereas in *Rothstein*, the funds went "to a government that performs myriad legitimate functions in addition to allegedly funding terrorist organizations" and the government, Iran, "did not carry out the attacks at issue."  *Id.* at *14.  "These differences are meaningful because Congress has specifically found that 'foreign organizations that engage in terrorist activity are so tainted by their criminal conduct that any contribution to such an organization facilitates that conduct," while "[t]he same thing cannot be said about a government.'"  *Id.* at *15.

Plaintiffs also ignore the new decision from the Second Circuit, which re-confirms the ATA proximate cause requirement.  *In re Terrorist Attacks on September 11, 2001*, No. 11 Civ. 3294, 2013 WL 159883, at *4 (2d Cir. Apr. 16, 2013) (dismissing ATA defendants "alleged to have provided funding to purported charity organizations known to support terrorism that, in turn, provided funding to al Qaeda and other terrorist organizations").  The facts here are even more attenuated than those in *Rothstein* or *In re Terrorist Attacks*, let alone *Strauss*.  El Paso allegedly paid surcharges indirectly to the legitimate Government of Iraq, not to Hamas or PIJ,

and the Government of Iraq did not carry out the attacks at issue.  *See* Doc. 235 at 13-21.

Moreover, the Government of Iraq did not even allegedly pay the funds at issue here to Hamas or

PIJ.  Instead, it paid the families of the deceased suicide bombers.  *Strauss* provides no support

for plaintiffs, and compels dismissal under *Rothstein* and *In re Terrorist Attacks*.

## III.     Aiding and Abetting Is Not Actionable Under the ATA

As with their proximate cause argument, plaintiffs cannot deny that *Rothstein*'s holding

that aiding and abetting is not actionable under the ATA changed the legal landscape under

which the Court previously operated.  Doc. 265 at 18-19.  The Second Circuit re-confirmed that

as well in *In re Terrorist Attacks*, 2013 WL 159883, at *3.  But without providing any analysis,

they ask the Court to ignore *Rothstein* (and now *In re Terrorist Attacks*) and uphold "Judge

Rosenthal's opinion that aiding and abetting liability exists under the ATA."  Doc. 265 at 19.

Plaintiffs contend that despite the Court's statement in *Abecassis II* that it was "assuming,

without deciding, that secondary liability is available under the ATA," *id.* at 19 n.7, "[a] fair

reading of *Abecassis II* shows that Judge Rosenthal previously considered and ruled on the

issue."  *Id.* (citing *Abecassis I*, 704 F. Supp. 2d at 664).  If plaintiffs mean the Court decided the

issue in *Abecassis I*, that is not a fair reading.  The Court's only mention of aiding and abetting in

its discussion of ATA secondary liability there is this:

> The connection between the plaintiffs' injuries and each of the defendants here is
> more attenuated than in any of the ATA cases discussed in this opinion or cited by
> the parties. As the *Mastafa* court stated, "aiding the Hussein regime is not the
> same thing as aiding and abetting its alleged human rights abuses."

*Abecassis I*, 704 F. Supp. 2d at 666 (citing *Mastafa v. Australian Wheat Bd. Ltd.*, No. 07 Civ.

7955(GEL), 2008 WL 4378443, at *4 (S.D.N.Y. Sept. 25, 2008)).  And that was well before the

Second Circuit's decisions in *Rothstein* and *In re Terrorist Attacks*.

IV.    **Plaintiffs Fail to State a Claim that El Paso Could Have Respondeat Superior Liability for the Alleged Acts of Wyatt**

Plaintiffs claim that "El Paso has previously challenged whether it could be liable under respondeat superior for the acts of Wyatt as an employee of El Paso."  Doc. 265 at 19.  That is incorrect.  *See Abecassis II*, 785 F. Supp. 2d at 650 ("El Paso has not made a specific argument as to why this [respondeat superior] claim should be dismissed.").  Regardless, plaintiffs do not dispute that El Paso could not be liable for Wyatt's alleged acts unless he were an El Paso employee acting within the course and scope of his employment at the time.

Moreover, Plaintiffs identify no factual allegations in the FAC to support a conclusion that Wyatt was an officer, executive, or employee of El Paso.  They instead point to the Court's prior statement that the Consulting Agreement "was terminated" in January 2001, "when Coastal became an El Paso subsidiary."  Doc. 265 at 20-21.  The Court's statement was a mistake -- Wyatt's board service ceased at that time, but the agreement did not expire until August 31, 2002.  *Id.* at 20 (citing *Abecassis I*, 785 F. Supp. 2d at 620)).

Plaintiffs similarly wish the Court would ignore the SEC complaint filed against El Paso from which they lifted many of the allegations of their complaint, but conveniently deleted their sentence that El Paso did not reimburse Wyatt for any alleged surcharge that Wyatt allegedly paid on its behalf.  The Court, however, may consider the public SEC complaint upon which plaintiffs rely in paragraph 224 of the FAC, including the sentence they did not include in their "information and belief" pleading in paragraph 196 of the FAC.  *See Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921, 925 (S.D. Tex. 2004) ("courts are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"), *aff'd*, 129 F. App'x 874 (5th Cir. 2005).

## V.    Plaintiffs' Attempts to Re-Label El Paso's Motion Are of no Avail

As shown above, El Paso has properly filed a Rule 12(c) motion to address the new *Rothstein* decision and issues the Court has not previously addressed. *See In re Fedders N. Am., Inc.*, 422 B.R. 5, 10 (Bankr. D. Del. 2010) ("The text of Rule 12 contemplates the filing of a Rule 12(c) motion after a Rule 12(b) motion . . . . Numerous courts have approved the filing of successive motions to dismiss, particularly in the context of complex, multi-count litigation.") (collecting cases). *See also Estep v. City of Somerset, Ky.*, CIV.A. 10-286-ART, 2011 WL 845847 (E.D. Ky. Mar. 8, 2011) (cited by plaintiffs) (permitting under numerous circumstances a Rule 12(c) motion including arguments previously made in a 12(b)(6) motion).

Even if applicable, neither Rule 54(b) nor the law-of-the-case doctrine would preclude the Court's consideration of El Paso's motion.  Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Merrell v. Hartford*, No. C-08-348, 2009 WL 3063323, at *1 (S.D. Tex. Sept. 22, 2009).  The Court at its discretion may therefore reexamine even issues previously raised. *Id.* (citation omitted). Likewise, although the application of the doctrine of the law of the case is unnecessary, that doctrine "does not operate to prevent a district court from reconsidering prior rulings." *Stoffels ex rel. SBC Telephone Concessions Plan v. SBC Comm'ns, Inc.*, 677 F.3d 720, 727 n.3 (5th Cir. 2012) (affirming dismissal following reassignment after recusal; "[i]n every case, . . . a judge convinced that an earlier ruling was wrong has, must have, authority to reconsider and rectify the error.").

## CONCLUSION

The FAC should be dismissed for failure to state a claim against El Paso or this is another issue that should be certified for an interlocutory appeal under 28 U.S.C. § 1292(b).

Dated:  May 13, 2013.

                                                    Respectfully submitted,

Of Counsel:                                         _____/s/ William R. Pakalka_____
   Layne E. Kruse                                      William R. Pakalka
   Anne M. Rodgers                                     State Bar No. 15420800
   Lauren Miller Etlinger                              Federal I.D. 1572
FULBRIGHT & JAWORSKI L.L.P.                         FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100                           1301 McKinney, Suite 5100
Houston, Texas  77010                               Houston, Texas  77010
Telephone:  (713) 651-5151                          Telephone:  (713) 651-5151
Telecopier:  (713) 651-5246                         Telecopier:  (713) 651-5246

   John L. Shoemaker                                Attorney-in-Charge for Defendant
KINDER MORGAN, INC.                                 El Paso Corporation
1001 Louisiana, Suite 849
Houston, Texas  77002
Telephone:  (713) 420-5651
Telecopier:  (713) 420-6060

## CERTIFICATE OF SERVICE

I certify that on May 13, 2013, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all registered counsel of record and as shown below to counsel who are not registered.

Gavriel Mairone
Bena Ochs
MM-Law LLC
980 Michigan Avenue, Suite 1400
Chicago, Illinois  60611
*By Email*

Don C. Nelson
3355 West Alabama, Suite 1020
Houston, Texas  77098
*By U.S. Mail*

*/s/ Anne M. Rodgers*
Anne M. Rodgers