IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ODELIA ABECASSIS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. 4:09-CV-03884 |
| | § | |
| OSCAR S. WYATT, JR., et al., | § | |
| | § | |
| Defendants. | § | |

**CHEVRON CORPORATION'S OPPOSITION TO MOTION TO EXTEND TIME TO RESPOND TO CHEVRON CORPORATION'S MOTION TO DISMISS**

N. Scott Fletcher, attorney-in-charge
TX Bar No. 00789046
S.D. Tex. No. 16546
Christopher H. Domingo
TX Bar No. 24069621
S.D. Tex. No. 1054774
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Phone:  832-239-3939
Fax:  832-239-3600
Email: sfletcher@jonesday.com
            chdomingo@jonesday.com

Meir Feder (admitted *pro hac vice*)
S.D.N.Y. No. MF2574
Thomas E. Lynch (admitted *pro hac vice*)
S.D.N.Y. No. TL8540
JONES DAY
222 East 41st St.
New York, NY 10017
Phone:  212-326-3939
Fax:  212-755-7306
Email: mfeder@jonesday.com
            telynch@jonesday.com

*Attorneys for Third-Party Defendant
Chevron Corporation*

## **INTRODUCTION**

Third-party defendant Chevron Corporation ("Chevron") opposes third-party plaintiffs' pending motion to extend the time to respond to Chevron's motion to dismiss.[1]  Third-party plaintiffs' motion is based on the supposed need to conduct jurisdictional discovery.  But, as shown in Chevron's opening and reply briefs in support of its motion to dismiss (Docket Nos. 210, 236), the lack of personal jurisdiction is clear without jurisdictional discovery; and even if there were any doubt about personal jurisdiction, third-party plaintiffs have failed to state a claim against Chevron, and the claim should be dismissed on that basis.  Indeed, Chevron's motion to dismiss is now fully briefed and awaits this Court's decision.  There is no further briefing required to address the issues therein, and no reason for this Court to delay in dismissing a claim that plainly lacks any factual basis for personal jurisdiction or any legal basis to state a claim against Chevron.

Moreover, as the scant allegations of the third-party complaint make clear, there are no real allegations against Chevron (or any of the other third-party defendants).  And there is no substantive merit to third-party plaintiffs' contribution theory.  Jurisdictional discovery and further motions would serve only to create delay for the plaintiffs, and waste the time and resources of the dozens of third-party defendants and the Court.  Accordingly, the Court should rule on Chevron's fully briefed motion to dismiss.

---

[1] Third-party plaintiffs filed their motion for an extension of time to conduct jurisdictional discovery on April 12, 2013.  (Docket No. 231.)  The Court denied third-party plaintiffs' motion as moot on April 30, 2013 (Docket No. 239), before vacating that order on May 7, 2013 and extending the time for all responses to motions to August 1, 2013.  (Docket No. 264.)  Chevron files this response to third-party plaintiffs' motion in compliance with that scheduling order.

**ARGUMENT**

I. **THE MOTION FOR AN EXTENSION OF TIME SHOULD BE DENIED BECAUSE THERE IS NO PERSONAL JURISDICTION OVER CHEVRON AND NO BASIS FOR JURISDICTIONAL DISCOVERY**

For the reasons stated in Chevron's prior motion papers, there is no basis for general jurisdiction over Chevron in Texas. (*See* Chevron Corporation's Motion to Dismiss Third-Party Complaint Against Chevron ("Chevron Mot.") at 4-7; Chevron Corporation's Reply in Support of Motion to Dismiss Third-Party Complaint Against Chevron ("Chevron Reply") at 1-3.) Previous cases, including one from this Court, have recognized as much. (Chevron Reply at 1.) Moreover, third-party plaintiffs bear the burden to show the need for jurisdictional discovery, and the record here makes clear that discovery would be futile. Third-party plaintiffs fail to respond to the "at home" requirement for general jurisdiction recently imposed by *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011), and in any event, there are no significant Chevron activities in the forum at all, let alone the substantial and ongoing business activities required for general jurisdiction. (Chevron Mot. at 6-7; Chevron Reply at 2-3.)

II. **THE MOTION FOR AN EXTENSION OF TIME SHOULD BE DENIED BECAUSE THE THIRD-PARTY COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

For the reasons stated in Chevron's prior motion papers, even if there were any doubt that Chevron is not subject to general jurisdiction in Texas, this Court should dismiss for failure to state a claim. (*See* Chevron Mot. at 7-18; Chevron Reply at 3-5.)

*First*, no claim for contribution is available under the Antiterrorism Act ("ATA"). The lone court to expressly consider the issue held that no claim for contribution exists. *See Litle v. Arab Bank, PLC*, 611 F. Supp. 2d 233 (E.D.N.Y. 2009). Moreover, the reasoning in *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 638 (1981), and *Northwest Airlines, Inc. v.*

*Transp. Workers Union*, 451 U.S. 77 (1981), which rejected contribution under other federal statutes, likewise applies to the ATA. (Chevron Reply at 3.)

A right to contribution under the ATA fails the Supreme Court's test for recognizing such a right, which occurs only by "express[] or by clear implication" by Congress, or "federal common law." *Texas Indus.*, 451 U.S. at 638. As to express or clear implication, there is no language in the ATA suggesting the existence of a claim for contribution. (Chevron Mot. at 8-9.) As to federal common law, a common-law right to contribution under the ATA is not "necessary to protect uniquely federal interests," *Texas Indus.*, 451 U.S. at 640, because there is both no necessity and no unique federal interest at stake. (Chevron Mot. at 11; Chevron Reply at 4-5.) In any event, third-party plaintiffs simply ignore the argument that even if this Court had power to fashion a new federal common law claim for contribution, it should not do so because no such claim would exist here under the common law. (Chevron Mot. at 12; Chevron Reply at 5.)

*Second*, even if a contribution claim did exist, the Third-Party Complaint fails to allege facts to show an underlying violation of the ATA. Third-party plaintiffs disregard the multiple defects in the Third-Party Complaint, arguing only that they could amend their complaint. (Chevron Reply at 5.) But amendment should not be permitted where, as here, the party "has not indicated what additional facts he could plead that would correct the deficiencies." *United States ex rel. Adrian v. Regents of Univ. of Calif.*, 363 F.3d 398, 404 (5th Cir. 2004).

## CONCLUSION

Third-party defendant Chevron respectfully requests that the Court deny third-party plaintiffs' motion for an extension of time to respond to Chevron's motion to dismiss.

Dated: May 15, 2013                                   Respectfully submitted,


                                               */s/ N. Scott Fletcher*
N. Scott Fletcher, attorney-in-charge
TX Bar No. 00789046
S.D. Tex. No. 16546
Christopher H. Domingo
TX Bar No. 24069621
S.D. Tex. No. 1054774
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Phone:  832-239-3939
Fax:  832-239-3600
Email:  sfletcher@jonesday.com
         chdomingo@jonesday.com

Meir Feder (admitted *pro hac vice*)
S.D.N.Y. No. MF2574
Thomas E. Lynch (admitted *pro hac vice*)
S.D.N.Y. No. TL8540
JONES DAY
222 East 41st St.
New York, NY 10017
Phone:  212-326-3939
Fax:  212-755-7306
Email:  mfeder@jonesday.com
         telynch@jonesday.com

*Attorneys for Third-Party Defendant*
*Chevron Corporation*

## CERTIFICATE OF SERVICE

     I hereby certify that on May 15, 2013 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are registered to receive such notifications.

                                  */s/ Christopher H. Domingo*
                                  Christopher H. Domingo