**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ODELIA ABECASSIS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. 4:09-CV-03884 |
| | § | |
| OSCAR S. WYATT, JR., et al., | § | |
| | § | |
| Defendants. | § | |

**CHEVRON CORPORATION'S OPPOSITION TO THIRD PARTY PLAINTIFFS'
SECOND MOTION TO EXTEND TIME TO SERVE THIRD PARTY COMPLAINT**

N. Scott Fletcher, attorney-in-charge
TX Bar No. 00789046
S.D. Tex. No. 16546
Christopher H. Domingo
TX Bar No. 24069621
S.D. Tex. No. 1054774
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Phone:  832-239-3939
Fax:  832-239-3600
Email: sfletcher@jonesday.com
          chdomingo@jonesday.com

Meir Feder (admitted *pro hac vice*)
S.D.N.Y. No. MF2574
Thomas E. Lynch (admitted *pro hac vice*)
S.D.N.Y. No. TL8540
JONES DAY
222 East 41st St.
New York, NY 10017
Phone:  212-326-3939
Fax:  212-755-7306
Email: mfeder@jonesday.com
          telynch@jonesday.com

*Attorneys for Third-Party Defendant
Chevron Corporation*

## INTRODUCTION

Third-party defendant Chevron Corporation ("Chevron") opposes third-party plaintiffs Bayoil (USA), Inc., David B. Chalmers, Jr., Oscar S. Wyatt, Jr, and NuCoastal Corporation's (collectively, "Third-Party Plaintiffs") second motion for additional time to serve the Third-Party Complaint [Docket No. 282].[1]  Chevron opposes the motion on grounds that such service would be futile and threatens to unnecessarily prolong these proceedings.  There is a pending motion to dismiss that would dispose of the claims against all third-party defendants—including those not yet served—and Third Party Plaintiffs should not be granted even more time to serve a Third Party Complaint that states no cognizable claim.

## RELEVANT FACTS AND ARGUMENT

**A. Third-Party Plaintiffs Assert Identical Claims Against the Third-Party Defendants Whom They Seek More Time to Serve as They Have Against Those Already Served.**

As Third-Party Plaintiffs recite in their motion, they filed their Third-Party Complaint in October 2012 against 62 third-party defendants.  (Third-Party Plaintiffs' Motion [Docket No. 282], at 1, 2.)  Third-Party Plaintiffs assert a single supposed contribution claim against all third-party defendants, have chosen not to distinguish among third-party defendants in the factual allegations in their Third-Party Complaint, and have grouped their claims against all third-party defendants in a single cause of action.  (*See* Third-Party Complaint ¶¶ 3.1-3.5, 4.1.)

**B. The Third-Party Complaint Fails to State
    a Claim Upon Which Relief Could Be Granted.**

Chevron moved in March 2013 against Third-Party Plaintiffs' complaint for both lack of personal jurisdiction and failure to state a claim.  (*See* Chevron Corporation's Motion to Dismiss

---

[1] Third-Party Plaintiffs also filed on May 31, 2013 a related motion for letters rogatory necessary to serve certain third-party defendants. [Docket No. 281.]  If the court denies Third-Party Plaintiffs' motion for additional time to serve the Third-Party Complaint, Third-Party Plaintiffs' motion for letters rogatory should be denied due to the expiration of the time for service.

Third-Party Complaint Against Chevron ("Chevron Mot.") [Docket No. 210]; Chevron Corporation's Reply in Support of Motion to Dismiss Third-Party Complaint Against Chevron ("Chevron Reply") [Docket No. 236].)  As is set forth more fully in Chevron's motion to dismiss, Third-Party Plaintiffs' claim against Chevron (and therefore against all other third-party defendants) is deficient because no contribution claim is cognizable under the Antiterrorism Act and, in any event, there are no real allegations against Chevron (or any of the other third-party defendants).  (*See* Chevron Mot., at 7-18; Chevron Reply, at 3-5.)

*First*, no claim for contribution is available under the Antiterrorism Act ("ATA").  The only court to expressly consider the issue held that no claim for contribution exists.  *See Litle v. Arab Bank, PLC*, 611 F. Supp. 2d 233 (E.D.N.Y. 2009).  Moreover, the reasoning in *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 638 (1981), and *Northwest Airlines, Inc. v. Transp. Workers Union*, 451 U.S. 77 (1981), which rejected contribution under other federal statutes, likewise applies to the ATA.  (Chevron Reply, at 3.)  A right to contribution under the ATA fails the Supreme Court's test for recognizing such a right, which can arise only by "express[] or by clear implication" by Congress, or from "federal common law." *Texas Indus.*, 451 U.S. at 638.  As to express or clear implication, there is no language in the ATA suggesting the existence of a claim for contribution.  (Chevron Mot., at 8-9.)  As to federal common law, a common-law right to contribution under the ATA is not "necessary to protect uniquely federal interests," *Texas Indus.*, 451 U.S. at 640, because there is both no necessity and no unique federal interest at stake.  (Chevron Mot., at 11; Chevron Reply, at 4-5.)  Moreover, Third-Party Plaintiffs simply ignore the argument that even if this Court had power to fashion a new federal common law claim for contribution, it would not be appropriate to do so

because no such claim would exist here under the common law. (Chevron Mot., at 12; Chevron Reply, at 5.)

*Second*, even if a contribution claim did exist, the Third-Party Complaint fails to allege facts to show an underlying violation of the ATA. (Chevron Mot., at 12-18; Chevron Reply, at 5.)

Third-Party Plaintiffs have already had the opportunity to address these arguments, (*see generally* Third Party Plaintiffs' Response to Chevron's Motion to Dismiss, dated Apr. 12, 2013, at 7-10), and nothing in their submission identified a potential remedy for their defective Third-Party Complaint. (*See* Chevron Reply, at 3-5.)

## C. Granting Third-Party Plaintiffs Additional Time to Serve Other Third-Party Defendants Risks Unnecessarily Prolonging These Proceedings.

Third-Party Plaintiffs have already cited their need to serve additional third-party defendants as a justification for extending deadlines in this action. (*See* Third-Party Plaintiffs' and Third-Party Defendant Buhler's Joint Motion to Suspend Third Party Defendants' Time to Answer, Move, or Otherwise Respond to the Third Party Complaint, dated Apr. 26, 2013, at 2 ¶ 3 (citing Third-Party Plaintiffs' ongoing "process of completing service on the third party defendants believed to be headquartered outside of the United States" as one justification for adjourning multiple deadlines).)

Given the defects in Third-Party Plaintiffs' legal theory that a claim for contribution is available under the ATA and their failure to plead facts that would support such a claim even if such a cause of action did exist, there is no reason to further extend Third-Party Plaintiffs' deadlines to serve a complaint that should be dismissed on the basis of a motion that has already been fully briefed. The costs and inefficiencies imposed by delay are multiplied in this action given the number of third-party defendants that Third-Party Plaintiffs have already served. Due

to those unnecessary costs, the existing defects in the Third-Party Complaint, and the pendency of a fully briefed motion that will render service of the Third-Party Complaint futile, the Court should deny Third-Party Plaintiffs' application for more time to serve more parties.

Denying third-party plaintiffs' motion for an extension to serve additional third-party defendants and resolving Chevron's pending motion to dismiss would be most efficient for the Court and all parties. The additional costs for all concerned that would result from delay also would be avoided if the Court were to preclude Third-Party Plaintiffs from using their delayed service of additional third-party defendants as a reason for delaying proceedings related to Chevron's motion. If the Court grants Third-Party Plaintiffs' motion, therefore, Chevron would ask that the Court preclude them from using service of other third-party defendants as grounds for delay.

## **CONCLUSION**

Third-party defendant Chevron respectfully requests that the Court deny Third-Party Plaintiffs' second motion for an extension of time to serve the Third-Party Complaint.

Dated:  June 5, 2013                                  Respectfully submitted,


                                                */s/ N. Scott Fletcher*
N. Scott Fletcher, attorney-in-charge
TX Bar No. 00789046
S.D. Tex. No. 16546
Christopher H. Domingo
TX Bar No. 24069621
S.D. Tex. No. 1054774
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Phone:  832-239-3939
Fax:  832-239-3600
Email:  sfletcher@jonesday.com
         chdomingo@jonesday.com

Meir Feder (admitted *pro hac vice*)
S.D.N.Y. No. MF2574
Thomas E. Lynch (admitted *pro hac vice*)
S.D.N.Y. No. TL8540
JONES DAY
222 East 41st St.
New York, NY 10017
Phone:  212-326-3939
Fax:  212-755-7306
Email:  mfeder@jonesday.com
         telynch@jonesday.com

*Attorneys for Third-Party Defendant Chevron Corporation*

## CERTIFICATE OF SERVICE

     I hereby certify that on June 5, 2013 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are registered to receive such notifications.

                                                 */s/ Christopher H. Domingo*
                                                 Christopher H. Domingo