IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ODELIA ABECASSIS, et al. | § § | |
|     *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:09-CV-003884 |
| OSCAR S. WYATT, JR., et al. | § § § | |
|     *Defendants.* | § | |

**REPLY IN SUPPORT OF MOTION OF THIRD-PARTY DEFENDANTS
B. BRAUN MELSUNGEN AG, AESCULAP AG, AND B. BRAUN MEDICAL SAS
<u>TO DISMISS THE THIRD-PARTY COMPLAINT</u>[1]**

---

[1] Third-Party Plaintiffs failed to file a response to the personal jurisdiction arguments under Rule 12(b)(2) raised in the B. Braun Defendants' Motion to Dismiss the Third-Party Complaint (D.N. 394). After the B. Braun Defendants inquired regarding this failure, Third-Party Plaintiffs subsequently filed an unopposed motion to file an untimely response to the Motion to Dismiss (D.N. 428), which attached as exhibits: (i) Third-Party Plaintiffs' proposed response to the B. Braun Defendants' jurisdictional arguments (D.N. 428-1) and (ii) a proposed order setting August 23, 2013 as the deadline for the B. Braun Defendants to file a reply (D.N. 428-2). While Third-Party Plaintiffs' motion for more time remains pending, in an abundance of caution, the B. Braun Defendants now submit this Reply. If the Court does not grant the leave sought by Third-Party Plaintiffs, Third-Party Plaintiffs failure to respond to the Motion to Dismiss waived any arguments in opposition, and the B. Braun Defendants' Motion to Dismiss should be granted. *See, e.g.*, *Mayo v. Halliburton Co.*, No. 10-1951, 2007 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010).

i

**TABLE OF CONTENTS**

ARGUMENT ............................................................................................................................ 1

I.  The Complaint Must Be Dismissed For Lack Of Personal Jurisdiction Because Third-Party Plaintiffs Concede That The B. Braun Defendants Are Not Subject To Jurisdiction In Texas And Rule 4(k)(2) Does Not Provide A Basis For The Exercise Of Personal Jurisdiction Over the B. Braun Defendants ..................................... 1

    A.  The Complaint Must Be Dismissed Because Third-Party Plaintiffs Concede That The Texas Long-Arm Statute Does Not Permit The Court To Exercise Personal Jurisdiction Over The B. Braun Defendants. ....................... 1

    B.  Rule 4(k)(2) Also Does Not Provide A Basis For The Exercise Of Personal Jurisdiction Over The B. Braun Defendants. ........................................... 2

II.  Third-Party Plaintiffs Belated Request To Seek Jurisdictional Discovery From The B. Braun Defendants Should Be Denied .................................................................... 5

CONCLUSION ........................................................................................................................ 5

# **TABLE OF AUTHORITIES**

**CASES**

*Animale Group, Inc. v. Sunny's Perfume, Inc.*, No. 07-CV-13,
  2007 WL 760373 (S.D. Tex. Mar. 8, 2007) ................................................................. 5

*Brekenridge Enters., Inc. v. Avio Alternatives, LLC*, No. 08-CV-1782,
  2009 WL 1469808 (N.D. Tex. May 27, 2009) ........................................................... 2

*Burger King v. Rudzewicz*,
  471 U.S. 462 (1985) ................................................................................................... 4

*Daliberti v. Republic of Iraq*,
  97 F. Supp. 2d 38 (D.D.C. 2000) ............................................................................... 3

*Garcia v. Universal Mortgage Corp.*, No. 3:12-CV-2460-L,
  2013 WL 1858195 (N.D. Tex. May 3, 2013) ............................................................ 5

*Kisiel v. RAS Sec. Corp.*, No. 01-CV-294,
  2001 WL 912425 (N. D. Tex. Aug. 9, 2001) ............................................................. 2

*Mayo v. Halliburton Co.*, No. 10-1951,
  2007 WL 4366908 (S.D. Tex. Oct. 26, 2010) ............................................................. i

*Moncrief Oil Int'l, Inc. v. OAO Gazprom*,
  481 F.3d 309 (5th Cir. 2007) ..................................................................................... 3

*Morris v. Khadr*,
  415 F. Supp. 2d 1323 (C.D. Utah 2006) .................................................................... 3

*Mwani v. Bin Laden*,
  417 F.3d 1 (D.C. Cir. 2005) ....................................................................................... 3

*Pugh v. Socialist People's Libyan Arab Jamahiriya*,
  290 F. Supp. 2d 54 (D.D.C. 2003) ............................................................................. 3

*R & B Falcon Drilling (Intern. & Deepwater), Inc. v. Noble Denton Group*,
  91 Fed.Appx. 317 (5th Cir. 2004) .............................................................................. 4

*Rein v. Socialist People's Libyan Arab Jamahiriya*,
  995 F. Supp. 325 (E.D.N.Y. 1998) ............................................................................ 3

*World Tanker Carriers Corp. v. M/V Ya Mawlaya*,
  99 F.3d 717 (5th Cir. 1996) ....................................................................................... 5

**RULES**

Fed. R. Civ. P. 12(b)(2) ........................................................................................... 1, 5

Fed. R. Civ. P. 4(k)(2) ....................................................................................... *passim*

Third-Party Defendants B. Braun Melsungen AG; Aesculap AG; and B. Braun Medical SAS (the "B. Braun Defendants") respectfully submit this reply in support of the portion of their motion to dismiss (D.N. 394) (the "Motion") seeking dismissal under Rule 12(b)(2) of the third-party complaint (D.N. 186) (the "Complaint") filed by Third-Party Plaintiffs.

## ARGUMENT

**I.    The Complaint Must Be Dismissed For Lack Of Personal Jurisdiction Because Third-Party Plaintiffs Concede That The B. Braun Defendants Are Not Subject To Jurisdiction In Texas And Rule 4(k)(2) Does Not Provide A Basis For The Exercise Of Personal Jurisdiction Over the B. Braun Defendants.**

Third-Party Plaintiffs' response (D.N.428-1) (the "Response") underscores the futility of Third-Party Plaintiffs' attempts to establish that this Court can exercise personal jurisdiction over the B. Braun Defendants. Third-Party Plaintiffs concede that this Court cannot exercise personal jurisdiction over the B. Braun Defendants pursuant to the only basis alleged in the Complaint—personal jurisdiction under the Texas long-arm statute. *See* Resp., at 8–9.

Seeking to remedy this fatal deficiency, for the first time in their Response, Third-Party Plaintiffs attempt to construct a theory of personal jurisdiction over the B. Braun Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2). Notwithstanding that the failure to allege such jurisdiction in the Complaint precludes any such argument, as set forth in Section B of the B. Braun Defendant's Motion, Rule 4(k)(2) fails to provide any basis for the exercise of general jurisdiction over the B. Braun Defendants. Accordingly, for all the reasons set forth in the Motion and together with those addressed below, the Complaint should be dismissed as to the B. Braun Defendants in its entirety with prejudice.

   A. The Complaint Must Be Dismissed Because Third-Party Plaintiffs Concede That The Texas Long-Arm Statute Does Not Permit The Court To Exercise Personal Jurisdiction Over The B. Braun Defendants.

Third-Party Plaintiffs' concession that the B. Braun Defendants do not have sufficient contacts with the State of Texas to permit the exercise of personal jurisdiction under the Texas

1

long-arm statute requires the dismissal of the B. Braun Defendants from this action. *See* Resp., at 8–9 ("No State Court Have [sic] Personal Jurisdiction over B. Braun."). As set forth in Section A of the Motion, the Complaint contains a single conclusory jurisdictional allegation, asserting that all sixty-two (62) Third-Party Defendants allegedly are subject to personal jurisdiction in the State of Texas by virtue of their "substantial and continuous contacts" with Texas. *See* Compl. ¶ 2.1. Third-Party Plaintiffs' admission that the B. Braun Defendants are not subject to jurisdiction in any state invalidates the only jurisdictional allegation contained in their Complaint. Accordingly, the Complaint must be dismissed. *See, e.g.*, *Kisiel v. RAS Sec. Corp.*, No. 01-CV-294, 2001 WL 912425, at **2–3 (N. D. Tex. Aug. 9, 2001) (holding dismissal warranted where the jurisdictional allegations in the Complaint were shown to be inaccurate).

    B.    Rule 4(k)(2) Also Does Not Provide A Basis For The Exercise Of Personal Jurisdiction Over The B. Braun Defendants.

Even if the Complaint alleged Rule 4(k)(2) as a basis for personal jurisdiction over the B. Braun Defendants, which it does not (Compl. ¶ 2.1),[2] Rule 4(k)(2) is inapplicable because Third-Party Plaintiffs have not and cannot establish that this Court's exercise of personal jurisdiction over the B. Braun Defendants pursuant to Rule 4(k)(2) is consistent with Due Process. *See* Mot., at 12–15; Resp., at 6 (acknowledging that Third-Party Plaintiffs bear the burden of establishing every element of personal jurisdiction).[3] Under the Due Process Clause, the exercise of jurisdiction is authorized only if it comports with traditional notions of fair play

---

[2] *See, e.g.*, *Brekenridge Enters., Inc. v. Avio Alternatives, LLC*, No. 08-CV-1782, 2009 WL 1469808, at *7 (N.D. Tex. May 27, 2009) ("[T]he Plaintiff may not amend its Complaint through briefs submitted in response to a motion to dismiss.").

[3] Separately, Third-Party Plaintiffs cannot invoke jurisdiction over the B. Braun Defendants under Rule 4(k)(2) because they have failed to allege a viable claim arising under federal law. *See* Fed. R. Civ. P. 4(k)(2); Mot., at 12; Resp., at 6.; Consolidated Motion to Dismiss and Reply joined by the B. Braun Defendants (D.N. 388, at 3–9; D.N. 432, at 12–13).

2

and substantial justice and is not unreasonable. *See Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). Third-Party Plaintiffs have not met and cannot meet this standard here. *See* Mot., at B.1.b. & B.3.

The authorities relied on by Third-Party Plaintiffs are inapposite because all of those cases involve defendants who were alleged to be either terrorists or foreign state actors that engaged in acts of terrorism. *See Mwani v. Bin Laden*, 417 F.3d 1 (D.C. Cir. 2005) (terrorists); *Morris v. Khadr*, 415 F. Supp. 2d 1323 (C.D. Utah 2006) (same); *Pugh v. Socialist People's Libyan Arab Jamahiriya*, 290 F. Supp. 2d 54 (D.D.C. 2003) (foreign state actor); *Rein v. Socialist People's Libyan Arab Jamahiriya*, 995 F. Supp. 325 (E.D.N.Y. 1998) (same); *Daliberti v. Republic of Iraq*, 97 F. Supp. 2d 38 (D.D.C. 2000) (same). Third-Party Plaintiffs have not—and cannot in good faith—make such allegations against the B. Braun Defendants, who are alleged at most to have engaged in international commercial business transactions. *See* Compl. ¶¶ 3.3-3.5, 4.1.

Second, Third-Party Plaintiffs' authorities require that a defendant must direct at least some activity at the United States for there to be sufficient contacts to justify Rule 4(k)(2) jurisdiction. *See* Resp., at 7–11; *Mwani*, 417 F.3d at 14 ("Defendants' *decision to purposefully direct* their terror at the United States" was central to finding that exercise of personal jurisdiction over defendants satisfied due process); *Morris*, 415 F. Supp. 2d at 1334; *Pugh*, 290 F. Supp. 2d at 59-60; *Rein*, 995 F. Supp. at 330 (exercise of personal jurisdiction proper because of defendant's "*intentional*, tortious actions that 'were *expressly aimed at*' the United States); *Daliberti*, 97 F. Supp. 2d at 54 (exercise of personal jurisdiction proper because defendant's conduct "was *consciously designed to affect United States policy*.") (all emphases added). Here, Third-Party Plaintiffs have not even alleged that the B. Braun Defendants directed *any* activities

towards the United States. *See generally* Compl. Instead, Third-Party Plaintiffs can only muster an argument that the alleged payment of money to the Hussein Regime as part of a commercial business transaction, standing alone, justifies jurisdiction: "B. Braun clearly should have anticipated that it would be subject to litigation in the United States as a result of paying money as it [allegedly] did to the Hussein Regime, for which reasons the requirements of due process are satisfied and personal jurisdiction is established." Resp., at 11. This bare, illogical and conclusory assertion does not establish *any action* directed at the United States. In contrast, the uncontroverted evidence conclusively establishes that none of the B. Braun Defendants has the requisite contacts with the United States to justify Rule 4(k)(2) jurisdiction. *See* Daum Decl. ¶ 7.

Finally, the Anti-Terrorism Act does not provide an end-run around Due Process. As a last resort, Third-Party Plaintiffs argue "if federal courts may constitutionally exercise criminal jurisdiction over such [foreign nationals who committed terrorist activities abroad], the Constitution should be no bar to those same federal courts . . . exercising civil in personal jurisdiction over those same individuals for allegedly violating the ATA." Resp., at 11. This unsupported assertion misstates the law. The Due Process prong of the Rule 4(k)(2) jurisdictional analysis requires a case-by-case inquiry in which "the constitutional touchstone remains whether the defendant purposefully established minimum contacts in the United States." *Burger King v. Rudzewicz*, 471 U.S. 462, 474 (1985); *see R & B Falcon Drilling (Intern. & Deepwater), Inc. v. Noble Denton Group*, 91 Fed.Appx. 317, 320–21 (5th Cir. 2004). As set forth above and in the Motion, Third-Party Plaintiffs cannot meet this standard.

## II. Third-Party Plaintiffs' Belated Request To Seek Jurisdictional Discovery From The B. Braun Defendants Should Be Denied.

Third-Party Plaintiffs have alleged no facts or theory that would entitle them to jurisdictional discovery from the B. Braun Defendants.[4] Third-Party Plaintiffs concede that the B. Braun Defendants do not have contacts with any state sufficient to justify personal jurisdiction. Resp., at 8–9. They also have failed to dispute the testimony of Volker Daum demonstrating that B. Braun Defendants do not have sufficient contacts with the United States as a whole to authorize this Court's exercise of personal jurisdiction over them. Resp., at 9–11; s*ee* Mot., at 12; Daum Decl. Accordingly, Third-Party Plaintiffs' bare-bones request to engage in an expensive fishing expedition for jurisdictional discovery should be denied.[5] *See, e.g.*, *Animale Group, Inc. v. Sunny's Perfume, Inc.*, No. 07-CV-13, 2007 WL 760373, at *6 (S.D. Tex. Mar. 8, 2007) (jurisdictional discovery only appropriate where a plaintiff has asserted "specific facts which, if established, would prove minimum contacts").

## CONCLUSION

In sum, neither Texas law nor Rule 4(k)(2) authorizes this Court to exercise personal jurisdiction over any of the B. Braun Defendants, and the exercise of jurisdiction over any of them would violate the Due Process Clause of the U.S. Constitution. Accordingly, the B. Braun Defendants respectfully request that the Court dismiss the Complaint as to all of them with prejudice for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and, as addressed elsewhere, for failure to state a claim under Rule 12(b)(6).

---

[4] Separately, jurisdictional discovery should not proceed because Third-Party Plaintiffs have not pleaded a viable claim as a matter of law. *See* Third-Party Ds.' Mot., at 3–9; *World Tanker Carriers Corp. v. M/V Ya Mawlaya*, 99 F.3d 717, 720 (5th Cir. 1996) (noting that a court must decide the threshold question of whether a claim is "arising under federal law" before ordering jurisdictional discovery).

[5] Because Third-Party Plaintiffs have not sought leave to amend, leave should not be granted. *See* Fed. R. Civ. P. 15(a)(2); *see, e.g.*, *Garcia v. Universal Mortgage Corp.*, No. 3:12-CV-2460-L, 2013 WL 1858195, at *14 (N.D. Tex. May 3, 2013) (holding that Rule 15(a)(2) "is not without limitation" and denying leave to amend).

5

Dated: August 23, 2013

Respectfully Submitted,

s/ *Stephanie D. Clouston*
Stephanie D. Clouston
Attorney-In-Charge
Texas State Bar No. 24002688
Southern District of Texas Bar No. 1430766
ALSTON & BIRD LLP
2828 North Harwood Street, Suite 1800
Dallas, TX  75201
Telephone:  (214) 922-3400
Facsimile:   (214) 922-3899
stephanie.clouston@alston.com

Of Counsel:

Karl Geercken
New York State Bar No. 2536662
(Admitted *Pro Hac Vice*)
Alexander S. Lorenzo
New York State Bar No. 4426094
(Admitted *Pro Hac Vice*)
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016
Phone: (212) 210-9400
Fax: (212) 210-9444
karl.geercken@alston.com
alexander.lorenzo@alston.com

***ATTORNEYS FOR THIRD-PARTY DEFENDANTS B. BRAUN MELSUNGEN AG; AESCULAP AG; AND B. BRAUN MEDICAL SAS***

**CERTIFICATE OF SERVICE**

On August 23, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/ *Stephanie D. Clouston*