**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ODELIA ABECASSIS, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-3884 |
| | § | |
| OSCAR S. WYATT, JR., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court is third-party defendant, Flowserve Corporation's ("Flowserve") motion for more definite statement under Federal Rule of Civil Procedure 12(e). Dkt. 197. After considering the motion, response, and applicable law, the court is of the opinion that the motion should be denied.

**I. BACKGROUND**

The Third Party Complaint at issue stems from a much larger case originally filed by plaintiffs on January 2, 2009. Dkt. 3. Plaintiffs are U.S. citizens who were victims or family members of victims of three separate terrorist attacks in Israel, which occurred in 2001 and 2002. Dkt. 121 at 5-7. Plaintiffs assert that defendants violated the Anti-Terrorism Act, 18 U.S.C. § 2333 ("ATA")[1] by allegedly making illegal payments to bank accounts controlled by the Saddam Hussein regime for the purchase of oil outside of the Oil for Food Program. *Id.* at 63-66. Plaintiffs further allege the defendants knew these funds were being used by the Hussein regime to support terrorist

[1] In their Original Complaint (Dkt. 3), plaintiffs also asserted claims under the Alien Tort Statute, 28 U.S.C. § 1350, and the Torture Victim Protection Act, 28 U.S.C. § 1350. These claims were dismissed for lack of Article III standing and failure to state a claim. Dkt. 118; *Abecassis v. Wyatt*, 704 F. Supp. 2d 623 (S.D. Tex. 2010). The court also dismissed certain of plaintiffs' claims against certain defendants, leaving only the ATA claims remaining. Dkt. 150; *Abecassis v. Wyatt*, 785 F. Supp. 2d 614 (S.D. Tex. 2011).

activities by remunerating family members of the terrorists who carried out the three attacks in Israel. *Id.* at 66-68.

On October 30, 2012, defendants filed their Third Party Complaint against Flowserve and other companies based on their purchase of oil from Iraq during the relevant time period. Dkt. 186. Defendants, as third party plaintiffs, assert a claim for contribution should they be found liable to plaintiffs for ATA violations. *Id.* at 10. Specifically, defendants allege that third party defendants engaged in the same conduct as defendants, and therefore, should be liable to plaintiffs as well. *Id.*

Flowserve filed a motion for a more definite statement. Dkt. 197. Flowserve argues that the cause of action asserted by third party plaintiffs is vague and ambiguous and does not assert sufficient facts to plead a cause of action or put Flowserve on notice of what facts give rise to its liability under the cause of action asserted. Third party plaintiffs oppose the motion on the basis that the straightforward claim for contribution is plead with sufficient information to allow Flowserve to answer and defend the lawsuit at this early stage. Dkt. 206 at 2. Third party plaintiffs maintain further clarification will occur during the discovery process. *Id.* The court agrees with third party plaintiffs and, while it expresses no opinion on the viability of the claim for contribution under the ATA, it believes Flowserve's complaints are best left for a motion to dismiss, like the many other motions to dismiss filed by Flowserve's co-defendants. *See* Dkts. 210, 216, 235, 237, 262, 331-33, 335-36, 343-44, 346-47, 349, 351-52, 354, 358, 360, 362, 365-67, 375, 380, 383, 387, 389, 391, 394, 410, 462.

## II. LEGAL STANDARD

A more definite statement under Rule 12(e) is required when the pleading is so vague or ambiguous that the defendant cannot adequately plead in response. FED. R. CIV. P. 12(e); *Mitchell*

2

*v. E–Z Way Towers, Inc.*, 269 F.2d 126, 131–32 (5th Cir. 1959). The Federal Rules of Civil Procedure do not contemplate the pleading of all relevant facts in intricate detail, but rather only require a short, plain statement of the claim showing that the plaintiff is entitled to relief. *Id.*; Fed. R. Civ. P. 8(a). A motion for more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading. *Pension Advisory Grp., Ltd. v. Country Life Ins., Co.*, 771 F. Supp. 2d 680, 707 (S.D. Tex. 2011). Such motions should not used to clarify a pleading that lacks detail or as a substitute for discovery. *Id.*; *Allstate Ins. Co. v. Donovan*, 2012 WL 2577546, *19 (S.D. Tex. 2012) (citing *Mitchell*, 269 F.2d at 132). The court has discretion whether to grant such a motion. *Id.*

Third party plaintiffs have set forth the basis for their claim for contribution. While detailed facts are lacking as to the specific acts of Flowserve, the third party complaint provides sufficient information for Flowserve to understand the nature of the claim such that it can frame a response and appropriate discovery. The court concludes that relief under Rule 12(e) is not warranted because the pleading is not unintelligible for purposes of drafting a responsive pleading. Rather, Flowserve's primary complaint seems directed to the viability of the claim. While the Third Party Complaint may fail to state a claim upon which relief can be granted under applicable federal law, the court reserves this ruling until it takes up the numerous motions to dismiss filed by Flowserve's co-defendants.

### III. Conclusion

The court finds that the Third Party Complaint is not so vague and ambiguous that it does not provide Flowerve notice of third party plaintiffs' claim for contribution. Therefore, Flowserve Corporation's motion for more definite statement (Dkt. 197) is DENIED.

Signed at Houston, Texas on September 11, 2013.

_____
Gray H. Miller
United States District Judge