UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ODELIA ABECASSIS, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-3884 |
| | § | |
| OSCAR S. WYATT, JR., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court are defendants, Oscar Wyatt, Jr., Nucoastal Corporation, El Paso Corporation, Bayoil (USA), Inc., and David Chalmers, Jr.'s joint motion for reconsideration or for certification under 28 U.S.C. § 1292(B) (Dkt. 184) and defendants, Bayoil (USA), Inc. and David Chalmers, Jr.'s separate motion for reconsideration or for certification under 28 U.S.C. § 1292(B) (Dkt. 185). After consideration of the motions, responses, replies, applicable law, and additional briefing submitted to the court regarding the amendment to the Anti-Terrorism Act's statute of limitations provision, the court is of the opinion that the motions for reconsideration or for certification should be DENIED.

### BACKGROUND

On several occasions, the factual and procedural history of this case have been laid out in detail. *See Abecassis v. Wyatt*, 785 F. Supp. 2d 614 (S.D. Tex. 2011); *Abecassis v. Wyatt*, 704 F. Supp. 2d 623 (S.D. Tex. 2010). The court will, therefore, only recount the facts and procedural history necessary to dispose of defendants' motions. Plaintiffs alleged violations of the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2331, *et seq.*, against defendants for making allegedly illegal payments outside of the U.N.-sanctioned Oil for Food Program that were funneled directly to Saddam Hussein's

regime in order for Hussein to fund terrorist activity. Dkt. 121. Plaintiffs are United States citizens who were victims or family members of victims of three terrorist attacks that occurred in Israel on November 1, 2001, December 1, 2001, and March 9, 2002. *Id.* at 27. Prior to being transferred to this court, the Honorable Lee Rosenthal ruled that a fact question existed as to whether plaintiffs' ATA claims were barred by the statute of limitations based on principles of equitable tolling. Dkt. 179. This ruling is the subject of defendants' instant motions for reconsideration or for certification to the Fifth Circuit.

While the motions for reconsideration were pending, Congress passed an amendment to the ATA extending the statute of limitations from four years to ten years. 18 U.S.C. § 2335 (2013). The law took effect on January 2, 2013, and applies to all pending civil actions under the ATA. *See* National Defense Authorization Act for Fiscal Year 2013, Pub. L. No. 112-239, § 1251 (Jan. 2, 2013). The parties submitted briefing to the court regarding the applicability of the amendment to this case. Defendants maintain that the retroactive application of the amended statute of limitations offends their due process rights. Dkt. 203. It is undisputed that if the amendment applies, then plaintiffs' lawsuit was timely filed and plaintiffs' reliance on equitable tolling would be unnecessary.

## ANALYSIS

It is "well established that legislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality, and that the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way." *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15, 96 S. Ct. 2882 (1976). Based on this principle, the court must determine if "the retroactive application of the legislation is itself

justified by a rational legislative purpose." *United States v. Sperry Corp.*, 493 U.S. 52, 64, 110 S. Ct. 387 (1989).

Defendants dispute that this is the proper standard to be applied by the court. Defendants rely on *William Danzer & Co. v. Gulf & S.I.R. Co.*, 268 U.S. 633, 45 S. Ct. 612 (1925), for the proposition that the retroactive application of an amendment to a statute of limitation provision violates due process if it revives liability already extinguished by the passage of time. *Id.* at 637. While the defendants urge the court to apply the holding in *Danzer*, the court cannot ignore the Supreme Court and Fifth Circuit's retreat from the principle established in *Danzer*. *See Pacific Mut. Life Ins. Co. v. First RepublicBank Corp.*, 997 F.2d 39, 52 (5th Cir. 1993), *rev'd on other grounds sub nom. Plaut v. Sprendthrift Farm, Inc.*, 514 U.S. 211, 115 S. Ct. 1447 (1995) (discussing subsequent Supreme Court precedent which "compromises *Danzer*'s holding"); *see also Shadburne-Vinton v. Dalkon Shield Claimants Trust*, 60 F.3d 1071, 1076 (4th Cir. 1995) ("In light of this more recent Supreme Court precedent, we find that the analysis used by *Danzer* . . . is outdated and no longer valid for purposes of analyzing the constitutionality of retroactive legislation."); *Bernstein v. Sullivan*, 914 F.2d 1395, 1402 (10th Cir. 1990) (recognizing the narrow application of *Danzer*).

A brief review of the Supreme Court cases subsequent to *Danzer* reveals how the due process analysis related to retroactive statutory provisions has evolved. In *Chase Securities Corp. v. Donaldson*, the Supreme Court was asked to determine whether an amendment to a state law adopting an extended statute of limitations violated the defendants' due process rights when applied retroactively. 325 U.S. 304, 305, 65 S. Ct. 1137 (1945). The Court found "[t]he Fourteenth Amendment does not make an act of state legislation void merely because it has some retrospective operation." *Id.* at 315. While the Court recognized that retroactive application could conceivably

3

violate due process rights, it certainly could not be "said that lifting the bar of a statute of limitations so as to restore a remedy lost through mere lapse of time is per se an offense against the Fourteenth Amendment." *Id.* The Court made passing reference to *Danzer* in a footnote distinguishing *Danzer* on the basis that the Minnesota courts had construed the state legislation to "only reinstate a lapsed remedy." *Id.* at 312 n.8.

Following *Donaldson*, the Court rejected another constitutional challenge to the retroactive application of an extended limitations period which revived an action that was barred by limitations. *Int'l. Union of Elec., Radio and Machine Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 243-44, 97 S. Ct. 441 (1976). Specifically, Congress amended Title VII in order to extend the time an employee could file an E.E.O.C. charge. *Id.* at 233. The amendment did not take effect until after the employee's right to file the claim had expired. *Id.* The Supreme Court expressly rejected defendant's contention that the retroactive application of the extended limitations period unconstitutionally revived plaintiff's claim. *Id.* at 243-44. The Court refused to "unwarrantedly" read *Danzer* broadly and instead found the standard set out in *Donaldson* applied. *Id.* The Court held "Congress might constitutionally provide for retroactive application of the extended limitations period which it enacted." *Id.* at 244. Plaintiff's employment discrimination claim was, thus, revived.

In the same year, the Court applied a rational basis test in analyzing a due process complaint against federal legislation that imposed retroactive liability on coal mine operators for illnesses suffered by coal miners who worked for the coal mine operators well before the passage of the legislation. *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15, 96 S. Ct. 2882 (1976). The Court concluded the retroactive legislation comported with due process requirements "even though the

effect of the legislation is to impose a new duty or liability based on past acts." *Id.* at 16. "[L]egislation readjusting rights and burdens is not unlawful solely because it upsets otherwise settled expectations." *Id.* The legislation was "justified as a rational measure to spread the costs of employees' disabilities... ." *Id.* at 18.

While *Pension Benefit Guar. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 104 S. Ct. 2709 (1984) does not represent the last in the line of cases analyzing the retroactive application of legislation, it does firmly establish the current standard used to analyze retroactive statutes for due process violations. In *Pension Benefit*, the Supreme Court upheld a statute imposing liability on employers for withdrawal from pension plans even though the statute applied to employers who withdrew before the enactment of the statute. *Id.* at 730-31. Relying on *Usery*, the Court held that legislation imposing liabilities retroactively must only be supported by a showing that "the legislation itself is justified by a rational legislative purpose." *Id.* at 730.

As this progression in jurisprudence demonstrates, retroactive legislation does not violate due process if it is supported by a rational purpose. This same principle applies even when the legislation restores or creates new liability. Moreover, the Supreme Court has instructed "[w]hen a new law makes clear that it is retroactive," a court must apply that law to a pending case and "alter the outcome accordingly." *Plaut*, 514 U.S. at 226. Unlike the statute at issue in *Danzer*, the statute here explicitly provides that the new statute of limitations shall apply retroactively, and absent some demonstration by the defendants that the ATA amendment has some arbitrary or irrational effect, the court will uphold its retroactive application.

Notably, the Eastern District of New York was presented with the precise issue before this court, namely whether the retroactive application of the amendment to the statute of limitations in

5

the ATA is unconstitutional. *Linde v. Arab Bank, P.L.C.*, 2013 WL 3104185 (E.D.N.Y. 2013). The court had previously dismissed the plaintiffs' ATA claims on timeliness grounds, and plaintiffs requested reinstatement of those claims in light of the amendment to the ATA. *Id.* at *1. The court found that the claims should be reinstated given the express language in the statute mandating that the new statute of limitations "shall apply to any civil action arising under [the ATA] that is pending on, or commenced on or after, [January 2, 2013]." *Id.*

Like the defendants here, the defendants in *Linde* also relied on *Danzer* for the proposition that the retroactive application of the amendment would be a due process violation. *Id.* The court distinguished *Danzer* on the basis of the express Congressional intent in the ATA to give the amendment retroactive effect. *Id.* The court also acknowledged the Supreme Court's retreat from its holding in *Danzer*, and instead relied on the principle in *Robbins & Myers* that "Congress might constitutionally provide for retroactive application of the extended limitations period which it enacted." *Id.* at *2 (citing *Robbins & Myers*, 429 U.S. at 243-44).

Moreover, the court found the defendant had not demonstrated that the amendment to the ATA was unconstitutional. *Id.* "Congress's choice of language clearly imposing retroactivity demonstrates that Congress has already 'determined that the benefits of retroactivity outweigh the potential for disruption or unfairness.'" *Id.* (citing *Landgraf v. USI Film Products*, 511 U.S. 244, 268 (1994)).

This court agrees with the reasoning in *Linde* and the interpretation of Supreme Court precedent as set forth by plaintiffs. Thus, the court will follow the recent guidance of the Supreme Court and the Fifth Circuit and analyze the statute in terms of whether the amendment to the statute

6

of limitations in the ATA serves a rational purpose. The burden is on the defendants to show that the legislature has acted in an "arbitrary and irrational way." *Usery*, 428 U.S. at 15.

Defendants argue that the amendment to the statute was not meant to extend the time to bring civil claims for victims of terrorist attacks other than the victims of the terrorist attack at the World Trade Center on September 11, 2001. Dkt. 227. In support of this argument, certain comments by New York Senator Charles Schumer were cited by defendants. *Id.* at 9. While the court does not dispute that the expansion of the limitations period will allow victims of 9/11 additional time to bring their claims, the amendment was made applicable to *all* claims brought under the ATA, which includes all American victims of any terrorist act. *See* 18 U.S.C. § 2333. The change to the law gives victims of terrorist attacks additional years to file civil claims. Congress could have rationally concluded that the expansion of the statute of limitations would allow American victims of terrorism additional time to seek redress given the difficulty in uncovering reliable evidence to hold financiers of international terrorism liable. *See United States v. Carolene Products Co.*, 304 U.S. 144, 154, 58 S. Ct. 778 (1938) (restricting the court's review of rational legislative purpose "to the issue of whether any state of facts either known or which could reasonably be assumed affords support for" the legislation).

Further, as stated by New Jersey Senator Robert Menendez, who originally contemplated the expansion of the statute of limitations in the American Victims of Terrorism Act, S.B. 3534, 112th Cong. (2012), this amendment puts American victims of terrorism on equal footing with foreign victims of terrorism who were already afforded ten years to bring their claims.[1] *See* Alien Tort

---

[1] *See* Press Release of United States Senator Robert Menendez, dated December 4, 2012, at http://www.menendez.senate.gov/newsroom/press/senate-approves-legal-fix-introduced-by-menendez-to-give-terrorism-victims-including-911-victims-more-years-to-file-civil-claim-under-anti-terrorism-statute.

Claims Act, 28 U.S.C. § 1350 (providing a ten year statute of limitations for alien tort claims). Given Congress's explicit intent and defendants' failure to show that the amendment is not supported by a rational legislative purpose, the court finds that the amendment to the ATA extending the statute of limitations to ten years is constitutional and applies to plaintiffs' claims.

### Conclusion

The court expresses no opinion as to the issue of equitable tolling as discussed in the Memorandum and Opinion dated September 30, 2012. Dkt. 179. The court finds it unnecessary to reconsider the reasoning set forth in that opinion because of the superseding statutory authority making the plaintiffs' original complaint timely. The clear enactment by Congress in 18 U.S.C. § 2335 also obviates the necessity of certifying this case for interlocutory appeal. Therefore, the defendants' motions for reconsideration are DENIED.

Signed at Houston, Texas on September 16, 2013.

_____
Gray H. Miller
United States District Judge