UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ODELIA ABECASSIS, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-3884 |
| | § | |
| OSCAR S. WYATT, JR., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant El Paso Corporation's ("El Paso") motion for permission to appeal under 28 U.S.C. § 1292(b). Dkt. 486. El Paso seeks to have the court's order dated March 12, 2014 (Dkt. 485) certified for interlocutory appeal. Having considered the motion, response, reply, supplemental briefing, and applicable law, the court is of the opinion that the motion should be DENIED.

**I. BACKGROUND**

The factual background of this case has been exhaustively recounted in previous orders. *See Abecassis v. Wyatt*, 785 F. Supp. 2d 614 (S.D. Tex. 2011) ("*Abecassis I*"); *Abecassis v. Wyatt*, 7 F. Supp. 2d 668 (S.D. Tex. 2014). The court's decision here does not require a detailed history of the case; therefore, the court will only cite to the factual and procedural background necessary to address the pending motion. In their first amended complaint, plaintiffs assert claims against several defendants, including El Paso, for alleged violations of the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2331, *et seq.*. Dkt. 121. Specifically, plaintiffs allege that defendants bypassed the U.N.-sanctioned Oil for Food Program and paid illegal kickbacks to purchase oil from Saddam Hussein, who used such monies to fund terrorist activity. *Id.* at 56. Plaintiffs maintain that defendants

conduct violated the ATA by providing material support to terrorist organizations and by engaging in unlawful financial transactions with Iraq during Hussein's rule. *Id.* at 63, 66.

In numerous previous filings, defendants have asked the court to dismiss plaintiffs' ATA claims. Before being transferred to this court, the Honorable Lee Rosenthal analyzed whether plaintiffs had sufficiently alleged a plausible cause of action under the ATA against defendants. *Abecassis I*, 785 F. Supp. 2d 614. Defendants, including El Paso, argued that plaintiffs failed to allege sufficient facts to establish that defendants had the requisite knowledge that the kickbacks paid to Hussein's regime were used to fund terrorism targeting Americans and failed to establish that a sufficient causal connection existed between the defendants' conduct and the terrorist attacks which injured plaintiffs. The court denied defendants' motions to dismiss, finding that plaintiffs' allegations were sufficient to state an ATA claim.

El Paso and other defendants requested a renewed examination of the proper causation and scienter standards applicable to plaintiffs' ATA claims in their motions for judgment on the pleadings. Dkts. 235, 237, 462. Defendants argued that subsequent case law modified the legal standards applicable to plaintiffs' claims. This court determined that there had been no material change in the legal standards applicable to the ATA claims and reaffirmed the conclusion that plaintiffs had adequately stated a cause of action in their first amended complaint on direct ATA liability against defendants. Dkt. 485. El Paso now seeks interlocutory appeal of that opinion.

## II. LEGAL STANDARD

The final judgment rule provides that "a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868, 114 S. Ct. 1992 (1994); *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 171 (5th Cir.

2009).  However, 28 U.S.C. § 1292(b) allows interlocutory appeals before final judgment when a trial court's decision: (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  "Unless *all* these criteria are satisfied, the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b)." *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000) (emphasis in original).  The Fifth Circuit instructs that such interlocutory appeals should only be granted in "exceptional" circumstances. *Clark-Dietz & Associates-Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).  Additionally, the decision to permit an interlocutory appeal is within the discretion of the court. *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 405 n.9, 124 S. Ct. 2576 (2004); *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006).

### III.  ANALYSIS

El Paso seeks to certify two questions from the court's opinion denying in part its motion for judgment on the pleadings.  Specifically, El Paso poses the following two questions:

1. Whether plaintiffs have failed to sufficiently allege that actions of El Paso caused plaintiffs' alleged injuries under the proper ATA causation standard, and

2. Whether El Paso's alleged actions fail to constitute international terrorism under 18 U.S.C. § 2331(1).

Dkt. 486, p. 1.[1] El Paso argues that these questions present controlling issues of law to which there are substantial grounds for difference of opinion, and the resolution of which will materially advance the termination of this litigation.

*A. Controlling Question of Law*

To qualify for interlocutory appeal under § 1292(b), the issues presented must involve questions of law–not fact. *Ryan*, 444 F. Supp. 2d at 722. "'A question of law' does *not* mean the application of settled law to disputed facts." *Id.* (emphasis in original) (citing *McFarlin v. Conseco Serv., L.L.C.*, 381 F.3d 1251, 1258 (11th Cir. 2004)). El Paso argues that controlling issues of law are presented because the court necessarily determined, as a matter of law, the substantive elements of an ATA claim by deciding that plaintiffs' factual allegations stated a cause of action.

The court accepts El Paso's general premise that the court was required to draw legal conclusions by defining the substantive elements plaintiffs were required to plead in order to state a cause of action under the ATA. The crux of El Paso's opposition, however, is not with the legal standards adopted by the court, but rather the way in which the court applied the standards to the facts of this case. The specific questions proffered by El Paso involve mixed questions of law and fact, requiring a review of the sufficiency of plaintiffs' factual allegations regarding El Paso's conduct. Thus, El Paso has attempted to recast fact-bound issues as controlling questions of law. Whether El Paso has engaged in an act of international terrorism and whether plaintiffs can show that their injuries were caused by El Paso's conduct are factual issues to be determined based on the

---

[1] The court notes that while El Paso only challenges two issues within the court's opinion, the entire opinion, if presented for interlocutory appeal, would be subject to the Fifth Circuit's review. *Ducre v. Exec. Officers of Halter Marine, Inc.*, 752 F.2d 976, 984 n.16 (5th Cir. 1985) ("Under 28 U.S.C. § 1292(b), 'it is not merely the controlling question of law which is certified for appeal; it is the entire order entered by the trial court.'") (citations omitted).

evidence in this case. Because El Paso seeks review of the sufficiency of the facts alleged and the application of the legal standard to those facts, interlocutory review is inappropriate. *See Adhikari v. Daoud & Partners*, 2010 WL 744237, at *8 (S.D. Tex. Mar. 1, 2010) (refusing to grant interlocutory appeal when the court's holding only determined whether plaintiff's claim under the Alien Tort Statute was cognizable).

Additionally, the legal question must be controlling. *Ryan*, 444 F. Supp. 2d at 722-23. A question of law would be controlling if the reversal of the district court's order would terminate the litigation. *Klinghoffer v. S.N.C. Achille Lauro Ed AltriGestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990); *Adhikari*, 2010 WL 744237, at *2. "[A]n issue is not seen as controlling if its resolution on appeal would have little to no effect on subsequent proceedings." *Ryan*, 444 F. Supp. 2d at 723. El Paso's proffered questions of law are not wholly controlling as to the claims or parties in this case. On the one hand, an appellate resolution of these issues would provide guidance regarding the legal standards applicable to ATA claims, as determined by the Fifth Circuit. On the other hand, a determination by the Fifth Circuit of the questions presented would only control the outcome of this matter as to El Paso. As the court will discuss *infra*, El Paso has not shown that the issues presented would be controlling or dispositive in this case. Therefore, the court does not find that there are controlling questions of law presented here.

B.  *Substantial Ground for Difference of Opinion*

Even assuming controlling issues of law were present, there must also be a substantial ground for difference of opinion over the controlling question of law for certification under § 1292(b). Courts have found substantial ground for difference of opinion where:

5

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented

*Id.* at 723-24 (citing 4 AM. JUR. 2D APPELLATE REVIEW § 128). "The threshold for establishing a 'substantial ground for difference of opinion' is higher than mere disagreement or even the existence of some contrary authority." *Coates v. Brazoria Cty. Tex.*, 919 F. Supp. 2d 863, 868 (S.D. Tex. 2013) (citation omitted).

The court recognizes that the Fifth Circuit has not had an opportunity to consider the parameters of the ATA. Even though the Fifth Circuit has not directly addressed the issues in this case, the decisions of the overwhelming majority of courts, which have considered ATA claims over the last decade, support this court's conclusions regarding the proper legal standards applicable to an ATA claim for civil liability. The statutory language creates a private right of action for "[a]ny national of the United States injured in his or her person, property, or business by reason of an act of international terrorism . . . ." 18 U.S.C. § 2333(a). The court found that the "by reason of" language required plaintiffs to plead sufficient facts, that if proven, would show that their injuries were proximately caused by El Paso's conduct. With the exception of the Seventh Circuit, the "by reason of" language has been consistently construed to require a showing of proximate cause under the ATA. *Compare Boim v. Holy Land Found. for Relief & Dev.*, 549 F.3d 685, 697-98 (7th Cir. 2008) (adopting a "relaxed" standard whereby causation could be shown by evidence that an organization contributed money to a group which it knew engaged in terroristic acts) *with Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013) ("We are not persuaded that Congress intended to permit recovery under § 2333 on a showing of less than proximate cause . . . ."); *In re Chiquita Brands Int'l,*

6

*Inc. Alien Tort Statute & S'holder Derivative Litig.*, 690 F. Supp. 2d 1296, 1313 (S.D. Fla. 2010); *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 53 (D.D.C. 2010); *Strauss v. Credit Lyonnais, S.A.*, 2006 WL 2862704, at *17 (E.D.N.Y. Oct. 5, 2006).

The courts adopting the proximate cause standard have relied on the Supreme Court's ruling in *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 112 S. Ct. 1311 (1992). In *Holmes*, the Court interpreted the same "by reason of" language used in the private right of action provision of the Racketeering Influenced and Corrupt Organizations Act ("RICO") to require a showing of proximate cause between plaintiff's injury and defendant's conduct. *Holmes*, 503 U.S. at 266-67. Prior to *Holmes*, the Fifth Circuit likewise construed the "by reason of" language in the civil remedy RICO provision to require a showing of proximate cause. *Ocean Energy II, Inc. v. Alexander & Alexander, Inc.*, 868 F.2d 740, 744 (5th Cir. 1989). As noted by the Second Circuit in its review of the ATA, "[t]he 'by reason of' language had a well-understood meaning, as Congress had used it in creating private rights of action under RICO and the antitrust laws, and it had historically been interpreted as requiring proof of proximate cause." *Rothstein*, 708 F.3d at 95.

El Paso suggests that the causation standard tied to the "by reason of" language has changed under the Supreme Court's holding in *Burrage v. United States*, 134 S. Ct. 881 (2014). In its evaluation of the criminal penalties under the Controlled Substances Act, the Supreme Court stated that the phrase "by reason of" requires at least a showing of "but for" causation. *Burrage*, 134 S. Ct. at 889. The court is not persuaded that *Burrage* necessarily changes the standard in this case involving a private right of action for civil liability. Further, *Holmes* is not inconsistent with the holding in *Burrage* and remains good law. While there is always potential for a difference of opinion among jurists, that difference must be substantial and the existence of contrary authority is

7

insufficient to establish a substantial ground for a difference of opinion. *Coates*, 919 F. Supp. 2d at 868. The court does not find that a substantial ground for a difference of opinion exists here when the Supreme Court and the Fifth Circuit have both construed the identical language used in the ATA as requiring a showing of proximate cause.

El Paso also has not shown that the findings by the court related to the act of international terrorism at issue present any substantial ground for a difference of opinion. The court determined that the act of paying illegal kickbacks outside of the guidelines of the U.N.-sanctioned Oil for Food Program qualified as an "act of international terrorism," as defined by the statute. Dkt. 485, p. 13. El Paso has not identified any contrary authority to that legal proposition, and the court's interpretation is consistent with other courts. *See Boim*, 549 F.3d at 694. To the extent El Paso objects to the court's application of these legal standards to the facts pled by plaintiffs, that is not a proper basis for interlocutory appeal. *Ryan*, 444 F. Supp. 2d at 722 (Section 1292(b) is "not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion.") (citation omitted). Therefore, the present authority on these issues does create substantial grounds for difference of opinion necessary to warrant an interlocutory appeal in this case.

  C.  *Materially Advance the Litigation*

Finally, in order to justify an interlocutory appeal, such appeal must materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). In evaluating whether the appeal would materially advance the litigation, "a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Coates*, 919 F. Supp. 2d at 867 (quoting *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994)).

An appeal in this case would not eliminate the need for trial or simplify the trial or discovery process. Plaintiffs' first amended complaint asserts ATA claims against six other defendants besides El Paso, alleging varying degrees of involvement in the scheme. A reversal of the court's order may serve to eliminate the ATA claim against El Paso, but plaintiffs would still be required to pursue the same discovery, evidence, and trial arguments with respect to the ATA claims against the remaining defendants. Plaintiffs also still have a claim for respondeat superior against El Paso for much of the same conduct at issue in the ATA claim, making simplification of the issues unlikely. Finally, the age of the case also weighs against an appeal at this juncture. *Id.* at 868. Thus, an interlocutory appeal would only serve to delay, rather than materially advance, this litigation.

### IV. Conclusion

For the reasons stated herein, El Paso has failed to satisfy its burden demonstrating that an interlocutory appeal from the court's order on its motion for judgment on the pleadings is warranted. Therefore, El Paso's motion for permission to appeal under 28 U.S.C. § 1292(b) (Dkt. 486) is DENIED.

It is so ORDERED.

Signed at Houston, Texas on October 29, 2014.

_____
Gray H. Miller
United States District Judge